## SILAS PIERCE *versus* WILLIAM THOMPSON.                    193

T having been a partner in trade with P, and the firm having occupied a store belonging to the heirs of one on whose estate T was administrator, T brought an action for money had and received against P to recover a general balance, and likewise actions in the names of the heirs, but without their knowledge, against P and himself for rent.  All these suits were submitted to arbitrators, with an agreement that they should consider the rent as having been paid by T, and they awarded that a certain sum was due to him.  In an action by P against T for bringing these suits alleged to be malicious, it was *held* that P, in order to prove malice, might show that nothing was due from him in the first suit as the partner of T.

*Held* also, that the submission and award were not conclusive evidence of probable cause for bringing the several suits, nor of a waiver of P's right to sue for damages on the ground of their being malicious.

A witness having testified at the trial, that the partnership books were incorrect, T moved that an auditor should be appointed to audit the accounts, which motion was overruled.  *Held,* that this was a matter within the discretion of the judge, and consequently that the refusal of the motion was no ground for setting aside the verdict.

*Held* also, that although where there are mutual dealings, if one party has not an opportunity of knowing both sides of the account, he may, to effect an adjustment, sue on the debit side, without regard to the credits, yet that in the case of a partner who may examine the books, such a proceeding, accompanied with an attachment of property, may be evidence that the suit was malicious.

*Held* also, that the several suits brought by T were not to be taken together as one, and therefore that a balance being found due to him upon them all collectively, did not disprove malice.

*Held* also, that T, being administrator, might be considered as having implied authority to institute the suits for rent, if his purpose was fair and honest ; but that these suits, although they were not groundless, yet if they proceeded from malice, would sustain an action by P against T for malicious suits.

THIS was an action of the case for several malicious suits. The declaration contained four counts.  The first related to a suit brought by Thompson in his own name, to recover a general balance which he alleged to be due to him from Pierce, who was formerly his partner in trade.  The other counts related

---

Pierce
*v.*
Thompson.

to three suits brought by the plaintiff against himself and Pierce in the names of the widow and two heirs of W. Thompson deceased, but without their knowledge, for the rent of the store occupied by Pierce and Thompson, while they were in partnership. Thompson was administrator on the estate of W. Thompson, deceased, and no division had been made of the real estate among the heirs. After the dissolution of the copartnership, Pierce engaged in business by himself, and his whole stock in trade was attached in the suits above mentioned.

It appeared by the partnership books, that the defendant had charged the firm with the rent and credited himself as having paid it regularly every quarter, but that at the time of bringing the suits he had charged it back to the firm ; and that in truth he had never paid over to the lessors any rent from the commencement of the copartnership.

Thompson consented to release his attachments and to have an assignment made of the property for the benefit of Pierce's creditors, on condition that his claims should be satisfied before those of other creditors ; and the several suits were submitted to arbitrators, with an agreement that they should consider the rent as having been paid by Thompson. They awarded, that upon all the suits, taken together, a certain sum was due to Thompson ; but it appeared from the award, that excluding the claim for rent, a balance was due to Pierce.

The *chief justice*, before whom the cause was tried, instructed the jury, that as to the suits instituted for rent, the relation in which Thompson stood as administrator of an undivided estate, and his having collected rents in other instances, would justify his proceedings, if his object were merely to recover the rents and not to vex Pierce by multiplying suits.

The jury were further instructed, that to maintain the count for the suit in Thompson's own name, Pierce must show that nothing was in fact due in that suit, and that Thompson knew it, and had no reasonable apprehension that any thing was due, and that the suit was wholly groundless ; that the suit, being for money had and received, was in the nature of a bill in equity, and in deciding whether in point of fact any thing was due, all equitable allowances in the settlement of a partnership

account should be made ; that the submission of the claims made by Thompson and Pierce to the arbitrators, was not conclusive evidence that the suits were not malicious, and that the reference, assignment and discontinuance, should not preclude him from showing that they were groundless and malicious.

The defendant's counsel requested the judge to instruct the jury, that it being proved and admitted, that after the institution of the suits an indenture was made, by which Pierce agreed that all the demands claimed in the several writs should be considered as a demand for one general balance claimed by Thompson, and should be submitted to the determination of arbitrators, whose award was to be conclusive, and it being proved that the arbitrators found a balance due from Pierce to Thompson, this was conclusive evidence of there being such probable cause as would in law amount to a defence to this action.   And likewise, that the suits having been dropped in consideration of the submission, this was a waiver of any right of action for a malicious suit.   But the judge refused to give such instructions.

After one Clark, a witness who had been employed by Pierce to examine the books of the firm, had given his testimony, Thompson's counsel moved that an auditor might be appointed by the Court to examine and audit the accounts, or that time might be given to examine the account as stated by Clark, as his testimony was a surprise on Thompson ; but the judge overruled the motion.

The jury returned a verdict for the plaintiff ; whereupon the defendant moved for a new trial.

The cause was argued at March term 1826, by *Fletcher* and *Cooke*, in support of the motion, and *Hubbard* and *Loring*, for the plaintiff.

*Per Curiam.*   One objection on the part of Thompson, the defendant, is, that the judge erred in instructing the jury, that with respect to the suit brought by Thompson in his own name, they might consider whether any thing was equitably, though not legally due from Pierce to Thompson. *   The

Pierce
*v.*
Thompson.

195

*March* 29th

---

* *Habershon* v. *Troby*, 3 Esp. R. 38, was cited by the defendant's counsel. *Reporter.*

Pierce
v.
Thompson.

Court are clear that this instruction was correct. The suit was between persons formerly partners, for money had and received, and so equitable considerations were proper to be inquired into and allowed.

It was also contended, that as there was a submission and award from which it appeared, that including the rent, a balance was due to Thompson, this should be considered conclusive evidence of probable cause. But we think it was not, for the submission was after the injury had been done by the attachments, and it was advised by friends of the parties as necessary to the proposed assignment of Pierce's property.

It was further contended, that by the submission any claim for damages on account of the suits being malicious was waived, but we do not consider that to be the necessary consequence. * If it could not be pleaded in bar, and we think it could not, of course it would not be conclusive evidence of a waiver. The jury had the benefit of it as evidence, to assist them in determining whether the suit was malicious, and whether there was a waiver of the claim for damages.

Another objection is, that the judge refused to appoint an auditor or to delay the cause in order that Thompson might have an opportunity to examine the accounts. Clark, the witness, had spent two months in investigating the books, during which period he often saw Thompson, who admitted several of the charges to be incorrect. There being no specification of supposed errors in the account stated by Clark, the judge thought that if he had authority, he was not bound, to appoint an auditor, and that it was not reasonable to interrupt the trial. The Court are of opinion that it was a matter entirely within the discretion of the judge, and that the verdict cannot be set aside on that ground. [1]

The counsel for Thompson contended, that where there are mutual dealings, bringing an action on one side only of the account will not be evidence of malice. But this will depend on the circumstances. If the party has no means of knowing

---

* On this point *Forseth* v. *Shaw*, 10 Mass. R. 253, was cited for the defendant, and *Webster* v. *Lee*, 5 Mass. R. 334, and *Hodges* v. *Hodges*, 9 Mass. R 320, for the plaintiff. *Reporter.*

' See Revised Stat. *c.* 96, § 25.

the credit side, and his object is merely to have a settlement of the account, the action will not be malicious ; but if a partner, having opportunity to examine the books of the firm, brings such an action when the balance is in truth against him, it may be evidence of malice.[1] If Thompson's object was only to effect an adjustment of the partnership concerns, he might have summoned Pierce, instead of attaching his whole stock in trade.

It was suggested, that all the suits should be considered as one action brought to produce a general settlement of all the concerns of the parties, so that if any thing was due from Pierce, there was no evidence of malice.* But this cannot be a correct principle, for then a man may at any time protect himself from the consequences of prosecuting a malicious action, by commencing at the same time an action founded on a valid demand.

In regard to the three last counts, for bringing suits for rent which were not groundless, but which are alleged to have been unauthorized, we think they were properly enough joined with the other count ; but on the question whether they were sus tained by the evidence, there is a division of opinion. As Thompson was administrator, and had collected and paid over rents of other tenants, he might be considered as having had an implied authority in this instance, if he had used it for a fair and honest purpose ; but the jury must have considered that the suits were brought to vex and harass Pierce. The judges who think the verdict ought to be set aside, proceed on the ground that there was some cause of action, and that as the form and number of the suits were not directed by Thompson, but were left to his counsel, he is so far justified. The other judges consider, that there being no express authority from the widow and heirs to bring the suits, and he having recharged the rent in such a manner as to require more than one action, he might be answerable as intending to swell the costs. They

*Margin: Pierce v. Thompson.*

---

[1] See *Austin* v. *Debnam,* 3 Barn. & Cressw. 139; 2 Stark. Ev. (5th Am. ed.) 499.

* *Wetherden* v. *Embden,* 1 Campb. 295, was cited for the defendant. *Reporter.*

Pierce
*v.*
Thompson.

think there was evidence which might satisfy the jury of a malicious purpose.*

*Motion to set aside the verdict overruled.*

---

* *Ravenga* v. *Mackintosh*, 2 Barn. & Cressw. 693, was cited for the plain tiff.   *Reporter.*