## Robert Robson v. W. J. Jones.

1. The overruling of an application for a continuance by the district court cannot be revised by this court, unless a bill of exceptions was duly taken.

2. In view of the constitutional guaranty of a jury trial to parties in all cases, it may justly be questioned whether an auditor's report, if objected to by either party, can be properly read upon the trial of a cause

3. The statute, (Paschal's Digest, Article 3760,) which authorizes the appointment of an auditor by the district court, to state an account be-

tween parties litigant, leaves the appointment and the action under it entirely in the discretion of the district court.

4. When the district court, for reasons satisfactory to itself, rejected the report of an auditor, and submitted the whole case to a jury under proper instructions, this court will not revise its action in excluding the report, which action, in effect, was no more than the concession of the constitutional right of trial by jury.

5. But this court will revise any alleged error of the district court in admitting an auditor's report to be read to the jury, over objections of either of the parties litigant; and if it appears that the report was unfairly or unjustly made, or that it was calculated to mislead, or to make a false impression upon the jury, this court will correct the error committed in its admission.

ERROR from Colorado. Tried below before the Hon. I. B. McFarland.

Jones was plaintiff below and brought this action for an alleged indebtedness of $920, incurred to him by Robson under a written agreement, which is set out in the petition, but which need not be particularly described.

Robson pleaded fraud, want of consideration, illegality of contract, and an offset consisting of a long bill of goods and merchandise, assigned to Robson by John Low, and claimed to be due from Jones. This account, though long and covering several years' dealings, presented no particular complications upon its face.

At the Spring term, 1866, the court appointed one H. D. Donald an auditor to state and report to the ensuing term the account between the parties, empowering him to summon and swear witnesses, etc. The record of that term does not show any motion for the appointment of an auditor, nor disclose whether it was made at the instance of either party, or by the court without suggestion. Nor does it show that any objection to the appointment was then made. At the Fall term, 1866, the auditor returned a report which showed a heavy indebtedness by the plaintiff Jones to the defendant Robson. It disclosed the fact, however, that the plain-

tiff appeared before the auditor and protested against any action being taken by him, on the ground that the case was not a fit case for an auditor, and that the auditor had no right to pass upon the legality or illegality of the accounts submitted to him. But the auditor disregarded the protest and returned a report with the result already stated.

At this term, after the report came in, the plaintiff filed exceptions to it, prefacing them with the statement that the auditor had been appointed at the preceding term, upon the suggestion of the defendant, and without the consent of the plaintiff. The exceptions were, in fact, as follows :

First—That it did not appear that the auditor was sworn, or acted under the sanction of an oath.

Second—Because the auditor assumed to act judicially.

Third—Because the auditor had not returned the evidence on which his report was based.

Fourth—Because the auditor assumed to decide grave questions of law, as to the legal import and construction of the written agreement sued on, and "with a flourish of his pen," had disallowed the written acknowledgement of the defendant's indebtedness to the plaintiff.

Fifth—Because the auditor had disallowed the note for $768, given by the defendant September 22, 1847, on the ground that it was not referred to in the written agreement sued on, but had allowed the defendant's stale demands as far back as 1844.

Sixth—Because the report was unintelligible and full of errors upon its face.

Wherefore the plaintiff moved that the report be set aside, and that the case be set for trial by jury in due course of the law of the land.

At the Spring term, 1867, these exceptions were sustained by the court, and the report "rejected and set aside," but on what particular ground is not disclosed by the record

At the Fall term, 1868, a trial was had by a jury, who differed very materially from the auditor, and returned a verdict in favor of the plaintiff for $1778, for which he had judgment.

*R. L. Foard*, for the plaintiff in error, cited Whitehead v. Perie, 15 Texas, 13; Parsons v. Able, 19 Texas, 448.

*J. T. & D. W. Harcourt*, for the defendant in error, cited Field v. Holland, 6 Cranch, 21; Hughes v. Christy, 26 Texas, 230, and Whitehead v. Perie, 15 Texas, 11.

LINDSAY, J.—There are two grounds relied upon by the plaintiff in error in this case for a reversal of the judgment:

First—Error of the court in overruling the application of the plaintiff in error for a continuance.

Second—The rejection of an auditor's report upon exceptions filed by the defendant in error.

In regard to the first alleged error, both from the language of the statutes and the practice of this court, to entitle a party to avail himself of it, it is necessary to tender a bill of exceptions to the ruling of the court upon such motion, before this court can consider it.

In relation to the other ground, it may be justly questioned, under our system, in which a jury trial is constitutionally secured to parties in all cases, whether an auditor's report, when objected to by either party, can be properly read upon the trial. The act of 1846, which authorizes the appointment of an auditor, to state an account between the parties, leaves the appointment and the action under it entirely in the discretion of the court. And the whole purpose of the act was only designed to aid and abbreviate the labors of the court in the investigation of complicated accounts between parties litigant. But the act cannot restrict the discretion of the judge in his ultimate determination of his method of

conducting the trial. He may admit the report to be given in evidence to the jury, subject to impeachment from either party; or he may reject it altogether, and leave the parties to their constitutional right of a full investigation of their case before a jury. It is clear, however, if the court should admit an auditor's report to be read to the jury, which had been unfairly and unjustly made, and which was calculated to mislead, or make a false impression upon the jury, it would be the duty of this court to revise and correct any error of the court below in such admission of the report, as evidence. But the rejection of the report in this case was clearly within the uncontrolled discretion of the court; and the trial was a full investigation of all the facts of the case by the jury, instead of by an auditor, and was only a concession of the constitutional rights of the parties in litigation.

The jury seems fully to have inquired into the facts of the case, and rendered their verdict, under rulings of the court upon the law, to which no valid objections can be perceived, so far as the record shows. The judgment of the District Court is therefore affirmed.

Affirmed.