CLARENCE DELAFIELD v. LEWIS MERCER CONSTRUCTION COMPANY.

*Reference—Practice—Discretion of Court—Payment by Draft—Merger of Account for Material in Draft—Burden of Proof.*

1. The refusal of a court to re-refer a case to a referee to hear further testimony is a discretionary matter.

2. Where a creditor who has been made a party to an action against a corporation in which a receiver has been appointed, fails to prosecute his claim in such action but, instead, institutes separate action, it is not error to order a distribution of the funds in the receiver's hands before such creditor's separate suits are determined, when it does not appear that he could not have had his claim adjusted in the main action.

———

3. Where a note or acceptance is given on a precedent debt, the presumption is that it was not taken by the creditor in payment of the debt, and the *onus* is on the debtor to show the contrary ; otherwise, when the note or acceptance is taken contemporaneously with the contracting of the debt ; hence,

4. Where a water-works construction company ordered pipe from a manufacturer, who replied that he would ship, but terms were " cash ; immediate payment," and the company replied that it would pay cash in the following manner—a banking house to which the company had sold the City of Newbern water works bonds would accept the drafts of the pipe manufacturer payable at three months, with interest, for the amount of each month's delivery of pipe ; and the terms were accepted by the manufacturer whose drafts the banking house accepted and deposited bonds as collateral ; *Held*, that the company was discharged from liability on the contract for the pipe.

5. The allowance of commissions to receivers appointed by the court, by consent, to finish uncompleted water works, is premature before the work is finished, as it cannot be determined until then whether such allowance is excessive or too little.

CIVIL ACTION, heard before *McIver, J.*, at May Term, 1895, .of CRAVEN Superior Court. From the judgment rendered the Snow Steam Pump Company and Ritcr & Conly appealed. The history of the case and the facts pertinent to the appeal are fully stated in the opinion of Chief Justice FAIRCLOTH.

*Messrs. M. De W. Stevenson, W. W. Clark* and *O. H. Guion,* for plaintiffs (appellants).

*Messrs. Iredell Meares, C. R. Thomas* and *W. D. McIver.* for defendants.·

FAIRCLOTH, C. J. : If we have been able to read the voluminous record in this case correctly, we find : That in January, 1894, the plaintiff Delafield instituted this action against the Lewis Mercer Construction Company to recover the· amount due on a promissory note, for which

he had previously attached defendant's property. Several other attachments had been levied on defendant's property. At February term, 1894, the several creditors were made parties to this action and filed answers. At the same term the Chattanooga Foundry & Pipe Works was made a party defendant and allowed to interplead and set up its. claim against the defendants. At spring term, 1894, the Snow Steam Pump Works showed to the court that it had a claim of $92 against defendant company, and it was. ordered that said Snow Steam Pump Works be allowed to interplead as to the same and file an answer setting up said claim and be made a party for said purpose.

It is alleged in other parts of the record that the Snow Steam Pump Works had another claim against defendant company, alleged to be secured by a mortgage on some of the property. At February term, 1895, a motion of said Steam Pump Works " to be stricken out as parties defendant to this action was refused, it appearing to the court that said Steam Pump Works is a necessary party to the action." On June 1, 1894, on its own application, the. Snow Steam Pump Works obtained leave of the judge presiding to bring an action against the receivers, previously appointed, to recover the machinery alleged to have been conveyed in said mortgage. At spring term, 1894, the following order was made: "It is by consent ordered that this action be referred to H. G. Connor to hear and consider the claims and demands of all parties to this. action, and all persons who shall become parties thereto, or file claims in said action, and to find his conclusions of fact and law in regard to all contentions of such parties and claimants, and that he report, &c." After due notice to all parties in interest, the hearing was had before the referee, all parties being represented. The counsel of the Snow Steam Pump Works made a special appearance

" reserving all rights with respect to any motions now pending in said cause " but offered no evidence before the referee.

At May term, 1895, the Snow Steam Pump Works filed an application to the court that the report of the referee be referred back to him for the purpose of hearing further evidence, &c., which motion was refused. At said term the report was confirmed and judgment rendered, from which only the Snow Steam Pump Works and the Chattanooga Foundry & Pipe Works appealed.

The Snow Steam Pump Works filed no exceptions to the referee's report, either as to his conclusions of fact or law, nor any to the judgment, except (1) The refusal to re-refer the matter, which was a discretionary matter. (2) That there was error in ordering a distribution of the fund in the hands of the receivers until the appellants' separate actions are determined. This must be overruled, as no reason appears why such claims of this appellant could not have been determined in this action.

The Chattanooga Foundry & Pipe Works' claim is for pipes and other material furnished the Lewis Mercer Construction Co. for constructing water-works in the city of Newbern under a written contract. It is admitted and agreed that the correspondence appearing in the record constitutes the whole of the contract, entered into in the spring of 1893, under which a large amount of the material was shipped and delivered, and on January 11, 1894, the Chattanooga Company served a notice of stoppage in transitu on the railroad company at Newbern, on whose right of way some of the material still remained. In the view we take of this case, the alleged right of stoppage in transitu is unimportant.

The contract being in writing, its construction is for the court and not for the jury. Sellars v. Johnson, 65 N. C.,

104.   Looking at the contract, we find that on May 3,. 1893, the Lewis Mercer Company sent an order to the Chattanooga Company for material to build the Newbern Water-Works.   On May 8th, they replied they would do so,. setting forth particulars as to quantity, size, price, &c., adding "Terms cash, immediate acceptance."   On May 10, 1893, the Lewis Mercer Company said: "We can pay you cash in the following manner: We enclose you a card of the banking house to whom we have sold the City of Newbern Water-Works bonds.   They will. accept your drafts on them at three months for all pipe delivered each month at Newbern, N. C.   In reference to the firm of John F. Zebley & Co., we refer you to the Citizen's Bank of Newbern, N. C.   John F. Zebley & Co. bought the bonds of the company which we organized, and furnished us with cash to build these works.   Kindly advise us at once if you wish to enter order on above-mentioned terms,. as we consider that when John F. Zebley & Co. accept your drafts on them at three months, it is equivalent to cash.   Of course you understand those acceptances carry 6%. interest."   After some correspondence about freight,. manner of shipping, &c., the Chattanooga Company replied: "We wrote you on the 16th of the month in which we accepted the terms and conditions upon pipe and specials delivered at Newbern, N. C., per your letter of May 10th.   These terms were drafts to be made at three months for all pipe delivered each month at Newbern, N. C.   I accepted the order by telegraph, but since have thought it would require some little explanation."   These mutual statements are repeated in other communications,. and instructions given for shipping, invoices ordered, &c. On May 20th, the Chattanooga Company inquired of R. G. Dun & Co., a mercantile agency in Baltimore, Md., as to the condition of John F. Zebley & Co., and receiving in

reply, "Lewis Mercer Construction Co. and Zebley considered good for drafts referred to." On May 22d, John F. Zebley & Co. replied to Chattanooga Company, "Will accept your three-months' draft on us for pipe delivered each month to the Lewis Mercer Construction Co., at Newbern, N. C.," and gave references to three responsible parties.

On May 23d the Chattanooga Company said to the Lewis Mercer Company, "We are ready now to commence shipment of pipe to you," stating that Zebley had agreed to accept drafts, &c. A few days later, at the instance of the Lewis Mercer Company, Zebley & Co. placed some of the bonds with the Chattanooga Company as collaterals, and the shipments commenced. Late in 1893 or early in 1894 it developed that Zebley & Co. and the Lewis Mercer Company were insolvent.

Our conclusion is that by the terms and intent of the contract, the drafts drawn by the Chattanooga Company and their acceptance by Zebley & Co., and the deposit of the bonds of the city of Newbern with the former was a discharge of the Lewis Mercer Company from further liability on the contract for the pipe, &c., furnished by the Chattanooga Company to the Lewis Mercer Company. *Symington* v. *McLin*, 1 Dev. & Bat., 298; *Ligon* v. *Dunn*, 6 Ired., 133; *Sellars* v. *Johnson, supra.* We find similar conclusions arrived at in the following: *Whitbeck* v. *Van-Ness*, 11 Johns. Rep., 409; *Eaton* v. *Cook*, 32 Vt., 58; *Noel* v. *Murray*, 3 Kernan (N. Y.), 167.

In *Noel* v. *Murray, supra*, it was held that "where the note is received on a precedent debt, the presumption is that it was not taken as a payment and the *onus* is upon the debtor to show that it was taken as a payment. But, where it is received contemporaneously with the contracting of the debt, the presumption is that it was taken in

DELAFIELD *v.* CONSTRUCTION COMPANY.

payment, and the burden of proving the contrary rests on the creditor." This conclusion makes it unnecessary to consider the question of the right of stoppage *in transitu*, and all the exceptions of the Chattanooga Company are overruled, as it has no claim against the Lewis Mercer Company.

The want of power in the court to appoint receivers in a case like the present to take charge of a partially constructed work and finish the enterprise, in which the *public* have no interest, has been suggested and would present a serious question but for the fact that the receivers were appointed by consent of all interested parties, and there is no exception to that aspect of the order. In any completed enterprise in which the public are interested, and which is called a "going concern," the courts do not hesitate to make such appointments, for example, a running railroad, but how much further the court will go will be reserved for future consideration. The receivers were ordered to file their accounts of receipts and disbursements with the clerk and the cause retained for further hearing. That part of the judgment fixing the per cent. of commissions for the receivers was premature and must be reversed, and that matter will be adjusted when their work is finished. We cannot now see whether the allowance is too much or not. Modified as above stated, the judgment is affirmed.

Affirmed, as Modified.