SIMONTON, Circuit Judge.
This case comes up on appeal from the circuit court of the United States for the district of West Virginia. The bill was filed to enforce a deed of trust in the nature of a mortgage of a lot of land in Clarksburg, W. Va. Smith, Brown & Co. were merchants doing business in the town of Clarksburg. *565 Their establishment was consumed by fire. They were not insured, and the firm became greatly embarrassed. Wood, Brown & Co. were merchants of Philadelphia, with whom this Clarksburg firm had had much dealing. They came to the assistance of the Clarksburg firm, and agreed, upon security, to sell them goods on credit. The Philadelphia firm did not wish it to be published to the world that they were doing a large business with a firm so much impaired in credit as the Clarksburg firm. And therefore it was agreed between the two firms that the security should be executed to James A. Campbell, the head clerk of the credit department of the Philadelphia firm. The Clarksburg firm, in the impaired condition of their credit, did not wish published to the world the full extent of their liability. For this reason the deed of trust which was taken as security had this recital:
“Whereas, the parties of the first part [Smith, Brown & Co.] have accepted a certain business proposition of James A. Campbell, of the city of Philadelphia, and state of Pennsylvania, by which he, said Campbell, may, in case of accident and misfortune, under liability for the parties of the first part, and the parties of the first part being willing to secure said Campbell against such liability and loss, do for the consideration aforesaid,” etc.
This paper is dated 23d of July, 1888, but the transaction was not completed, and the deed was not recorded, until the 13th of October, 1888. The negotiations were conducted by Mr. Bassel, who has as his client the Philadelphia firm. In August, 1888, he received a note from one of the firm of Smith, Brown & Co. in these words:
“Philadelphia, Pa., Aug., 1888.
“In consideration and for a deed of trust this day executed by Smith, Brown & Co. in favor of James A. Campbell, of Wood, Brown & Co., of Philadelphia, to secure said Wood, Brown & Co. against loss by reason of selling goods on open account to said Smith, Brown & Co., we hereby agree to extend to Smith, Brown & Co. a line of credit up to thirty-five hundred dollars, but not to exceed this amount at any one time.
“Mr. Bassel—Dear Sir: We think this about what we will want from Wood, Brown & Co. in the way of a consideration for the deed of trust. You will say to W., B. & Co. it is due S., B. & Co. to have such a paper, and that you hold the deed of trust subject to their orders on receipt of this paper.
“Yours, truly, S., B. & Co.”
Thereupon Mr. Bassel prepared the formal memorandum to be signed by the Philadelphia firm, as follows:
“Philadelphia, Pa., Sept. 18, 1888.
“Whereas, A. G. Smith, John W. Brown, and Beeson H. Brown, composing the firm of Smith, Brown & Co., of Clarksburg, West Virginia, on the 27th day of July, 1888, executed to John Bassel, as trustee, a deed of trust in favor of James A. Campbell; and whereas, the real purpose of said trust was to secure the undersigned, Wood, Brown & Co., against loss by reason of the sale of goods to said Smith, Brown & Co. upon credit, in consideration of the execution of the said deed of trust: We hereby agree to extend to the said Brown & Co. a line of credit to the amount of thirty-five hundred dollars, but not to exceed such sum at any one time. Wood, Brown & Co.”
The deed of trust was then delivered, and recorded in0the proper office. The credit was given, and the amount of indebtedness incurred and now unpaid is $4,466.97. In the meanwhile Wood, Brown & Co. have become insolvent, and have made an assignment for the benefit of their creditors, and this bill is filed by the assignee and by *566 James A. Campbell. The prayer of tbe bill, as has been stated, is a foreclosure of this deed of trust.
The defendants adopted three lines of defense: First, that the deed on its face declares that it was to indemnify James A. Campbell, and no one else, and that Campbell has sustained no loss whatever through them; second, that the alleged agreement between the two firms was fraudulent and void, and that the complainants do not come into equity with clean hands; third, they plead the statute of limitations. The circuit court overruled all of these objections, and gave judgment for the sale of the property, and for the application of the proceeds of the sale to the ascertained debt, with leave to enter judgment for any deficiency. The case is here on assignment of errors covering these points, and also directed to the order of the court, which was made without any reference to a master, to ascertain the amount due. It is also assigned as error that the court admitted the testimony of Mr. Bassel, who, it is alleged, testified to a privileged communication.
With regard to the course of the court in dispensing with reference, this was a matter wholly within its discretion. A reference is ordered when the court desires aid in coming to a conclusion of fact. But, if such conclusion can be reached without a reference, it need not be ordered. In the case at bar the amount claimed was represented by a short account, in no way complex. It was proved to the satisfaction of the court, and the conclusion was easily reached.
Mr. Bassel was the attorney of Wood, Brown & Co. He was charged with the duty of completing the arrangement with respect to the security they required. Having reached a conclusion as to all the terms of the agreement, he drew the deed of trust. The expense of drawing this deed was put upon the party who was obliged and benefited by the arrangement,—Smith, Brown & Co. They paid for the preparation of the deed $2.50. This did not disqualify Mr. Bassel from testifying as to the negotiations leading up to the deed, and to the memoranda in writing with regard to it.
The deed was made in favor of James A. Campbell. The evidence of contemporary writings was introduced, showing why the deed was drawn in his name, and showing also the exact relation of Mr. Campbell, in the contemplation of both parties, to the deed. He was the agent of Wood, Brown & Co., and the title to the property was put in his name for their use and protection. These written memoranda, made contemporaneously with the deed, were clearly to explain and fix these ambiguous words used in it: ‘Whereas, the parties of the first part have accepted a certain business proposition from James A. 'Campbell.” They distinctly show what Campbell’s position and agency were, why the deed was made, and whom all parties intended to protect by it. It will not do, therefore, for Smith, Brown & Co. to say that the deed was intended to protect Campbell alone, and that he has suffered no loss. Their own memorandum contradicts this position. There is no attempt here to contradict or vary a written instrument. Writings entered into contemporaneously with the deed are introduced to supplement and explain that which evidently had not been fully expressed in the *567 written deed. It is clear that Campbell took that beneficial interest in the trust deed solely as agent or representative of Wood, Brown & Co., and solely for their protection. This was the intent and purpose of all parties to the transaction. Jones v. Indemnity Co., 101 U. S. 622.
The appellants press upon the court the application of the maxim, “Ex turpi causa non oritur actio.” But there does not appear a case for the application of this wholesome maxim. Who complains of the transaction? There are no creditors before the court. As far as can be seen, no person whosoever, except the appellants, makes any objection to the deed. The parties seeking to shelter themselves behind the maxim intended to prevent fraud are the guilty participants, who, by its use, seek to remain in enjoyment of what they now seek to show are illgotten fruits. See Jones, Mortg. § 629. Where, however, is the evil-doing in this case? All persons who dealt with Smith, Brown & Co. were informed by the recorded deed that this part of their property was incumbered by a lien. The trustee named in the deed was a well-known citizen of the town in which the deed was recorded. All persons who are interested were put on notice by the deed, and could have their inquiry answered by calling upon him. No man in business is obliged to expose all the details of his business. It is the universal practice for merchants to keep their own counsel, except as to those matters which the law requires to be disclosed. Courts have recognized the validity of mortgages kept from the record until the last moment of danger'. Haas v. Sternbach (Ill. Sup.) 41 N. E. 51. We see no fraudulent conduct here which can prevent a party from going into a court of equity and asserting his rights.
The last question made by appellants is upon the statute of limitations. The statute does not prevent the enforcement of the deed of trust. It runs for 20 years against such an instrument. Camden v. Alkire, 24 W. Va. 674. Nor has the statute barred the debt. It is evidenced, as we have seen, in the contemporaneous memoranda made by each of the parties as parts of the contract then made, explaining and limiting the deed. It is, therefore, a contract by writing, signed by the party to be charged thereby, and it has 10 years to run. Section 6, c. 104, Code W. Va. The decree of the eircuit court permitting a decree for any balance that may be found due the complainants after a sale of the property is in accordance with rule 92 in equity. The decree of the circuit court is affirmed.