STOCKMAN *v.* MICHELL.

REFERENCE—ACCOUNTS—SUBMISSION OF ISSUES.

> The appointment of auditors under 2 How. Stat. § 7386, in cases involving the examination of accounts or of vouchers, is discretionary with the court; but, where such auditors are appointed, no issue should be submitted to the jury until after the account is stated.

Error to Wayne; Donovan, J. Submitted January 25, 1899. Decided June 5, 1899.

*Assumpsit* by Gustavus Stockman against Carl H. Michell for services rendered. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Sloman & Groesbeck* (*Benjamin Jacobson*, of counsel), for appellant.

*Henry A. Haigh* (*F. L. Brooke*, of counsel), for appellee.

MONTGOMERY, J. This case has been before the court, and is reported in 109 Mich. 348. On the second trial the plaintiff was sworn as a witness, and his counsel attempted to prove by him what the profits of the business of the defendant were during the period of plaintiff's employment. The court refused to permit the testimony, on the ground that this court had, in its previous decision, indicated that the case was a proper one for reference to an auditor to state the account, but offered to permit the plaintiff to take the verdict of the jury as to whether the contract declared upon really existed. The plaintiff's counsel declined to try the case piecemeal, and a verdict was thereupon directed for the defendant. Plaintiff brings error.

It was not the intention of our former decision to convey the impression that the duty of submitting to auditors was imperative. It is a matter within the discretion of the court. *Pierce* v. *Thompson*, 6 Pick. 193. The trial judge was evidently of the opinion that this was a proper case for an auditor, and we have no reason to doubt the correctness of his views on this question. We think the practice does not justify a division of the issues, but that under the statute (section 7386, 2 How. Stat.) the reference to auditors should precede the verdict. The plaintiff sought to have the books of account of the defendant produced, and it is possible that their production might have shown a want of necessity for a reference to auditors. We are not quite able to understand why the books of account were not produced; and an opportunity afforded the court of determining whether such a necessity existed; but, in any view, we think the court was in error in directing a verdict for the defendant. It was within the power of the defendant to move for a reference to auditors. It was equally within the power of the court to direct it. The case was entirely within the control of the court; but we think it was not proper to compel the plaintiff to submit a single issue to the jury, and resort to another trial after the account is stated before he can obtain final judgment.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.