MICHAEL BRENNAN, Respondent, *v.* THOMAS B. GALE, Appellant.

*Landlord and tenant — action by the former for an accounting to ascertain a sum to be paid in addition to a fixed rent — the court, although possessed of evidence on the subject, may direct an interlocutory judgment for an accounting.*

An agreement contained in the lease of a hotel, providing for the payment of a certain fixed sum for rent, and, in addition, that when, at the end of each month, "upon the examination of such accounts and statements it is ascertained that there is any surplus of money over such expenses, and after paying the rent of three thousand ($3,000) dollars and the aliquot part of the water rent herein provided, then such surplus shall be paid to and become due and payable to the party of the first part for and as rent for the month then last past," provided such increase of rent should not in any case exceed a sum specified, authorizes the lessor, the party of the first part, to maintain an action for an accounting.

*Semble,* that, under such agreement, an action at law could not be maintained to recover any stated amount.

The fact that, upon the trial of an action for the recovery of the amount due under this agreement, statements from the books of the business were produced and offered in evidence, does not preclude the court from directing an interlocutory judgment for an accounting, instead of taking the account itself.

APPEAL by the defendant, Thomas B. Gale, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of June, 1900, upon the decision of the court rendered after a trial at the New York Special Term, directing that the defendant render an account to the plaintiff of the receipts and expenses connected

with the hotel business conducted pursuant to an agreement between the plaintiff and the defendant.

*Terry Smith,* for the appellant.

*Eugene A. Philbin,* for the respondent.

INGRAHAM, J.:

This action was brought upon a contract of agreement entered into between the plaintiff and the defendant by which the plaintiff leased to the defendant a building in New York known as the Hotel San Remo. The agreement is set forth in full in the complaint, and the judgment demanded is that the defendant account to the plaintiff regarding the affairs and assets under the said agreement, and of their respective rights and interests therein, and that the plaintiff recover judgment for the amount found due on the accounting. The defendant admits the signing of the agreement set forth in the complaint, and alleges an agreement by which the parties to the action agreed to submit their differences to arbitration ; that arbitrators were appointed, and that the affairs were being investigated by the arbitrators at the time of the commencement of the action. The action came on for trial at Special Term. There was no objection taken by counsel at the trial to the form of the action, nor was there any demand for a trial by a jury. By the agreement in question the plaintiff leased to the defendant a hotel located in the city of New York for the term of ten months, beginning on December 1, 1893, and ending on October 1, 1894, at the monthly rent or sum of $3,000, " subject to be increased from time to time as hereinafter provided, payable on the first day of each month in advance, beginning with the first day of December, one thousand eight hundred and ninety-three." The plaintiff covenanted that the defendant, " on paying the said yearly rent and performing the covenants aforesaid shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid." The contract then further provided that the defendant " agrees to render unto the party of the first part each month during the continuance of this lease, a statement of all the necessary and proper cost and expenses of conducting the hotel business in said building and of furnishing chamber service to the guests and proper food and table service, and, also, a statement of the amount received by him from them from time to

time for rent, table board, laundry and supplies to the said guests and occupants." It was further provided that when at the end of each month "upon the examination of such accounts and statements, it is ascertained that there is any surplus of money over such expenses and after paying the rent of three thousand (3,000) dollars and the aliquot part of the water rent herein provided, then such surplus shall be paid to and become due and payable to the party of the first part for and as rent for the month then last past, and shall be due immediately, but such increased rent provided for by the surplus shall not in any case exceed the sum of four thousand (4,000) dollars for each of the ten months." There were further provisions in the agreement by which a bookkeeper was to be employed by the plaintiff who was to be paid for his services out of the proceeds of the hotel business; and such bookkeeper was to keep the accounts of said hotel under the direction of the plaintiff.

It was proved upon the trial that under this agreement the defendant entered into possession of the hotel property and managed the hotel during the term provided for in this agreement; that certain statements were rendered to the plaintiff from time to time by the bookkeeper employed by the plaintiff under the agreement; that subsequently the plaintiff employed an accountant to go over these hotel books, who rendered a report as to the statements contained in the books, and these monthly reports rendered by the bookkeeper, appointed by the plaintiff, and the reports of the accountant, were put in evidence. There was evidence tending to show that these various reports were not complete, as they only purported to show the receipts and disbursements during each month, and that many of the bills, both for supplies furnished for the hotel and the accounts of customers of the hotel, would run over from month to month, not being collected at the end of each month.

We think that, under the peculiar provisions of this agreement, the plaintiff was entitled to maintain an action for an accounting. The plaintiff was to be paid a certain fixed sum for rent of the premises leased. He was also to be paid a certain additional sum upon condition that there were profits realized from the business conducted at the hotel. It is true that that sum was to be paid to him as an addition to the rent that the defendant agreed that he should receive; but the amount that was coming to him as such

additional rent depended upon the proceeds of the business to be conducted as a hotel, and only in the event that the business so conducted yielded a profit was he to receive anything. Whether the plaintiff should be entitled to receive any amount of the profits of the business could only be determined after an accounting; and either party to the agreement was entitled to have the accounts of the business adjusted. It is not necessary to determine whether or not the parties to this agreement were partners. It was an agreement in the nature of a joint adventure by which the business of the hotel was to be conducted; and, after certain specified expenditures, the profits should be ascertained and a certain portion of them paid to the plaintiff. It is difficult to see how under such an agreement the plaintiff could have maintained an action at law to recover any stated amount under the contract. There would be nothing due to him unless it should be ascertained after an accounting that there was a profit over and above the expenses of conducting the business, including the amount to be paid to the plaintiff for the use of the premises, and the amount paid to the defendant for his services in conducting the hotel. It was only in case profits resulted that such profits, not exceeding a sum specified, were to be paid to the plaintiff. He was entitled to a portion of the profits as such, and to determine whether he should be entitled to anything under an agreement, as before stated, an accounting as to the business was necessary. An entirely different question is presented in the cases relied on by the defendant, where a person is employed and his compensation is to be fixed by a percentage of the sales or profits of a particular business; for there by the contract of employment the employee is to be compensated for his services rendered, the amount of the compensation, however, to be determined by the amount of such sales or the amount of the profits of the business. Here the relation between the parties was different. That relation was one of trust and confidence, and the question as to whether the plaintiff would be entitled to anything would depend upon the existence of profits; and, in that event, a determination as to the amount of profits was essential to ascertain how much plaintiff was entitled to. The fact that the statements from the books of the business were produced and offered in evidence at this trial did not preclude the court from directing an inter-

locutory judgment for an accounting instead of taking the account itself. Strictly speaking, those accounts may be said to have been irrelevant unless the judge intended to take the accounting himself. But in all such actions, where an accounting is required, the court in its discretion has power, instead of taking and stating the accounts in court, to direct an interlocutory judgment directing the accounting to be had before a referee; and we think, in this case, the court acted well within its discretion in refusing to examine the somewhat intricate accounts and determine and ascertain whether or not there were profits to which under the agreement the plaintiff was entitled. An examination of the accounts would show how impossible it would have been to try this case before a jury as an action at law; and the fact that these books were kept by a bookkeeper employed by the plaintiff, in view of the fact that the entries in the books were made from the statements rendered from time to time by the defendant as to the cash received and disbursements made on account of the business, would not preclude the plaintiff from asking at the end of the period covered by the agreement that there should be a formal statement of the accounts from which the condition of the business could be ascertained. Upon the whole case we think the course pursued by the court below was correct. There was no error in excluding the books of the business in view of the fact that the court itself refused to make and state the accounts. The arbitration agreement which was introduced in evidence does not seem to have been relied upon by the defendant. There was no evidence of any action under it; nor does it appear that any award was ever made or that the matters were ever submitted to the arbitrators.

There is no question of evidence in the case that requires notice as no evidence upon the particular issue before the court which would have aided the defendant was excluded.

Upon the whole case I think that the plaintiff was entitled to an interlocutory judgment, and the judgment appealed from should be affirmed, with costs.

O'BRIEN and MCLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and HATCH, J., dissented.

Judgment affirmed, with costs.