## BRENNAN v. GALE.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. ACCOUNT—ORDERING—FORM OF ACTION.
   Under Code Civ. Proc. § 1207, providing that, where an answer is inter-
   posed, the court may permit plaintiff to take any judgment consistent
   with the case made by the complaint and embraced within the issue, no·
   objection being taken at the trial to the form of the action, nor any demand
   for a trial by jury, if the proof entitled plaintiff to a judgment for an
   accounting, or requiring defendant to account under an agreement, the·
   form of the action or the relief demanded was immaterial.

2. SAME—NECESSITY—AGREEMENT—SHARE OF PROFITS.
   Where, under an agreement leasing a hotel, plaintiff was to have a
   specified rent, and, in addition thereto, after all the expenses of conducting·
   it had been paid, was to have the surplus as further rent, not exceeding
   a specified sum, in an action by plaintiff it was proper to order an account-
   ing, since the amount due plaintiff was not fixed, for which he could main-
   tain an action, but depended on the profits, which could only be determined
   by such accounting.

3. SAME—COURT—DISCRETION—PRECLUSION.
   In an action on a contract leasing a hotel at a specified rent, and stipu-
   lating that, after all the expenses of conducting it were paid, plaintiff was
   to have the surplus as additional rent, not exceeding a certain sum, the
   fact that statements from the books of the business were produced and
   offered in evidence did not preclude the court from directing an interlocu-
   tory judgment for an accounting, instead of taking the account itself, since
   in actions requiring an accounting it lies in the discretion of the court to·
   make such an order.

4. SAME—DIRECTING—EVIDENCE.
   Where, in an action on a contract leasing a hotel at a specified rent,
   and providing that, after all the expenses of conducting it were paid, plain-·
   tiff was to have the surplus as additional rent, not exceeding a certain
   sum, the court had ordered an accounting, instead of making and stating
   the accounts itself, it was not error for it to exclude the books of the·
   business as evidence in the further conduct of the trial.

   Van Brunt, P. J., and Hatch, J., dissenting.

Appeal from special term, New York county.

Action by Michael Brennan against Thomas B. Gale. From an
interlocutory judgment ordering an accounting, defendant appeals.
Affirmed.

For former opinion, see 61 N. Y. Supp. 6.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Terry Smith, for appellant.
Eugene A. Philbin, for respondent.

INGRAHAM, J. This action was brought upon a contract of
agreement entered into between the plaintiff and the defendant, by
which the plaintiff leased to the defendant a building in New
York known as the "Hotel San Remo." The agreement is set forth
in full in the complaint, and the judgment demanded is that the
defendant account to the plaintiff regarding the affairs and assets,
under the said agreement, and of their respective rights and inter-
ests therein, and to recover judgment for the amount found due on
the accounting. The defendant admits the signing of the agree-

ment set forth in the complaint, and alleges an agreement by which the parties to the action agreed to submit their differences to arbitration; that arbitrators were appointed, and that the affairs were being investigated by the arbitrators at the time of the commencement of the action. The action came on for trial at special term. There was no objection taken by counsel at the trial to the form of the action, nor was there any demand for a trial by a jury. By section 1207 of the Code it is provided that, where an answer is interposed, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint, and embraced within the issue; and if, upon the proof in the case, the plaintiff was entitled to a judgment for an accounting, or requiring the defendant to account under the agreement, the form of the action or of the relief demanded is not material. By the agreement in question the plaintiff leased to the defendant a hotel located in the city of New York for the term of 10 months beginning on December 1, 1893, and ending on October 1, 1894, at the monthly rent or sum of $3,000, "subject to be increased from time to time as hereinafter provided, payable on the first day of each month in advance, beginning with the first day of December, 1893." The plaintiff covenanted that the defendant, "on paying the said yearly rent, and performing the covenants aforesaid, shall and may peaceably and quietly have, hold, and enjoy the said demised premises for the term aforesaid." The contract then further provided that the defendant "agrees to render unto the party of the first part each month during the continuance of this lease a statement of all the necessary and proper cost and expenses of conducting the hotel business in said building, and of furnishing chamber service to the guests, and proper food and stable service; and also a statement of the amount received by him from them from time to time for rent, table board, laundry, and supplies to the said guests and occupants." It was further provided that when, at the end of each month, "upon the examination of such accounts and statements, it is ascertained that there is any surplus of money over such expenses and after paying the rent of three thousand ($3,000) dollars and the aliquot part of the water rent herein provided, then such surplus shall be paid to and become due and payable to the party of the first part for and as rent for the month then last past, and shall be due immediately, but such increased rent provided for by the surplus shall not in any case exceed the sum of four thousand ($4,000) dollars for each of the ten months." There were further provisions in the agreement, by which a bookkeeper was to be employed by the plaintiff, who was to be paid for his services out of the proceeds of the hotel business; and such bookkeeper was to keep the accounts of said hotel under the direction of the plaintiff. It was proved upon the trial that under this agreement the defendant entered into possession of the hotel property, and managed the hotel during the term provided for in this agreement; that certain statements were rendered to the plaintiff from time to time by the bookkeeper employed by the plaintiff under the agreement; that subsequently the plaintiff employed an accountant to go over these

hotel books, who rendered a report as to the statements contained
in the books; and these monthly reports rendered by the book-
keeper appointed by the plaintiff and the reports of the accountant
were put in evidence. There was evidence tending to show that
these various reports were not complete, as they only purported to
show the receipts and disbursements during each month; and that
many of the bills, both for supplies furnished for the hotel and the
accounts of customers of the hotel, would run over from month to
month, not being collected at the end of each month.

We think that under the peculiar provisions of this agreement
the plaintiff was entitled to maintain an action for an account-
ing. The plaintiff was to be paid a certain fixed sum for rent of
the premises leased. He was also to be paid a certain additional
sum upon condition that there were profits realized from the busi-
ness conducted at the hotel. It is true that that sum was to be
paid to him as an addition to the rent that the defendant agreed
that he should receive; but the amount that was coming to him as
such additional rent depended upon the proceeds of the business
to be conducted as a hotel, and only in the event that the business
so conducted yielded a profit was he to receive anything. Whether
the plaintiff should be entitled to receive an amount of the profits
of the business could only be determined after an accounting, and
either party to the agreement was entitled to have the accounts
of the business adjusted. It is not necessary to determine whether
or not the parties to this agreement were partners. It was an
agreement in the nature of a joint adventure, by which the business
of the hotel was to be conducted, and after certain specified ex-
penditures the profits should be ascertained, and a certain portion
of them paid to the plaintiff. It is difficult to see how, under such
an agreement, the plaintiff could have maintained an action at law
to recover any stated amount under the contract. There would be
nothing due to him except it should be ascertained after an account-
ing that there was a profit over and above the expenses of conduct-
ing the business, including the amount to be paid to the plaintiff
for the use of the premises, and the amount paid to the defendant
for his services in conducting the hotel. It was only in case profits
resulted that such profits, not exceeding a sum specified, were to
be paid to the plaintiff. He was entitled to a portion of the profits
as such; and to determine whether he should be entitled to any-
thing under an agreement as before stated, an accounting as to the
business was necessary. An entirely different question is presented
in the cases relied on by the defendant, where a person is employed,
and his compensation is to be fixed by a percentage of the sales or
profits of a particular business; for there, by the contract of em-
ployment, the employé is to be compensated for his services ren-
dered, the amount of the compensation, however, to be determined
by the amount of such sales or the amount of the profits of the
business. Here the relation between the parties was different.
That relation was one of trust and confidence, and the question as
to whether the plaintiff would be entitled to anything would depend
upon the existence of profits; and, in that event, a determination

as to the amount of profits was essential to ascertain how much plaintiff was entitled to. The fact that the statements from the books of the business were produced and offered in evidence at this trial did not preclude the court from directing an interlocutory judgment for an accounting, instead of taking the account itself. Strictly speaking, those accounts may be said to have been irrelevant unless the judge intended to take the accounting himself. But in all such actions, where an accounting is required, the court, in its discretion, has power, instead of taking and stating the accounts in court, to direct an interlocutory judgment directing the accounting to be had before a referee; and we think in this case the court acted well within its discretion in refusing to examine the somewhat intricate accounts, and determine and ascertain whether or not there were profits to which, under the agreement, the plaintiff was entitled. An examination of the accounts would show how impossible it would have been to try this case before a jury as an action at law; and the fact that these books were kept by a bookkeeper employed by the plaintiff, in view of the fact that the entries in the books were made from the statements rendered from time to time by the defendant as to the cash received and disbursements made on account of the business, would not preclude the plaintiff from asking at the end of the period covered by the agreement that there should be a formal statement of the accounts from which the condition of the business could be ascertained. Upon the whole case we think the course pursued by the court below was correct. There was no error in excluding the books of the business in view of the fact that the court itself refused to make and state the accounts. The arbitration agreement which was introduced in evidence does not seem to have been relied upon by the defendant. There was no evidence of any action under it; nor does it appear that any award was ever made, or that the matters were ever submitted to the arbitrators. There is no question of evidence in the case that requires notice, as no evidence upon the particular issue before the court, which would have aided the defendant, was excluded.

Upon the whole case I think that the plaintiff was entitled to an interlocutory judgment, and the judgment appealed from should be affirmed, with costs. All concur, except VAN BRUNT, P. J., and HATCH, J., who dissent.