12516

BANK OF TIMMONSVILLE v. PEOPLES BANK *ET AL.*

(145 S. E., 288)

July, 1927.

462.

472

476

*Mr. Philip H. Arrowsmith,* for appellants.

*Messrs. Willcox & Hardee,* for respondent,

November 7, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

The complaint in this case contains four alleged causes of action, not separately stated as the Code requires (no objection appears to have been entered thereto, and it has been thereby waived) :

1. An accounting by the liquidating agent;

2. The enforcement of certain equities in the assets of the Peoples Bank placed in the hands of the liquidating agent;

3. The obligation of the Peoples Bank upon the nine notes aggregating the amount of the deposit liability assumed by the Bank of Timmonsville;

4. The obligation of the individual defendants, directors, upon the four six-months notes aggregating $39,522.35, indorsed by them.

It does not appear that the defendant, Peoples Bank, has answered the complaint. If not, the plaintiff is entitled to judgment by default against it.

The first and second alleged causes of action are equitable. The matter of referring the issues raised in connection with them, for the purpose of having the testimony taken and reported, was within the discretion of the trial Judge, and we think properly exercised.

The fourth alleged cause of action is upon its face legal, but by reason of the terms of the contract:

"Such endorsers shall not be called upon for payment, however, of the respective notes thus endorsed by them until all assets of the liquidating institution have been exhausted, and all such collateral shall be deemed exhausted when same has been reduced to judgment and the liquidating officer has received settlement therefor by execution or otherwise, or has received a *nulla bona* return thereupon from the sheriff of the County in which the maker of such collateral is located."

And the defense interposed by the defendant directors under this clause, the liability of the directors upon their indorsement of the four six-months notes, is so directly connected with the final liquidation of the bank demanded by the plaintiff as to make the directors proper parties to such proceedings, so as to bind them thereby; the proper course is to allow those proceedings to advance under the order of reference. If upon the hearing of the case, upon the testimony reported, after deciding the equitable issues presented, the Court shall be satisfied that the defendants have, in addition to their equitable defenses, legal defenses upon the issues

480

of which the defendants would be entitled to a jury trial, he may direct that course to be taken.

The judgment of this Court is that the order of reference appealed from be affirmed with the modification herein indicated, and that the case be remanded.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.