### CORA VEAZEY v. CITY OF DURHAM.

(Filed 3 February, 1950.)

**1. Appeal and Error § 2—**

An interlocutory order or judgment is not appealable unless it is a judicial decision affecting a substantial right claimed in the action or proceeding. G.S. 1-277.

**2. Reference § 3—**

The court has discretionary power to grant or refuse a reference in those cases coming within the compulsory reference statute, and while movant has the right to insist that the judge exercise his discretionary power and act on the motion, he has no legal right to demand that the court direct a reference. G.S. 1-189.

**3. Appeal and Error § 2—**

The discretionary refusal of a motion for a compulsory reference, even though the case comes within the compulsory reference statute, is not appealable.

APPEAL by defendant from *Nimocks, J.,* at the March Term, 1949, of DURHAM.

The complaint alleges, in brief, that the defendant, a municipality, constructed and maintained its drains and sewers in such manner as to constitute a nuisance, and thereby caused substantial injury to the plaintiff's farm. It prays for damages and injunctions to abate the nuisance. The answer denies liability and pleads various defenses.

The defendant filed a motion asserting that the action was embraced within subsections 2, 3, and 5 of G.S. 1-189, and asking that the court direct a compulsory reference in it and 18 other somewhat similar cases brought against the defendant by other plaintiffs.

The court refused the reference proposed by the defendant in an order assigning these specific reasons for its action: (1) "That the ends of justice would not be promoted by the appointment of a referee, but that it is probable additional expense would be incurred and further probable delay in determining the issues of fact and questions of law involved by a reference"; and (2) "that plaintiff is entitled to a jury trial which, in the opinion of the court, will facilitate at less costs and expense to plaintiff and defendant a determination of the issues involved."

The defendant excepted to the order, and appealed. On the argument here, the plaintiff moved to dismiss the appeal on the ground that it is not authorized by law.

*Victor S. Bryant and Robert I. Lipton for plaintiff, appellee.*
*Claude V. Jones and Egbert L. Haywood for defendant, appellant.*

ERVIN, J. The order refusing a reference shows on its face that the court denied the motion for a compulsory reference as a matter of discretion. This being so, the appeal necessarily proceeds on the assumption that the court should have granted a compulsory reference because the defendant was entitled to demand that mode of trial as a matter of right in the action at bar.

The statute which controls the granting of compulsory references is embodied in G.S. 1-189. It provides that "where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference" in certain enumerated classes or types of civil suits, among them being cases necessitating the taking of an account; cases involving a complicated question of boundary, or requiring a personal view of the premises; and cases "where the issues of fact and questions of fact arise in an action of which the courts of equity of the state had exclusive jurisdiction prior to the adoption of the constitution of one thousand eight hundred and sixty-eight, and in which the matter

or amount in dispute is not less than the sum or value of five hundred dollars."

For the purpose of this particular decision, it is taken for granted without so adjudging that the instant case falls within each of the classes or types of actions just mentioned, and that by reason thereof the court had power under the statute to refer it.

The statute stipulates that "the court may . . . direct a reference" in certain classes or types of cases. It is manifest that the verb "may" is used in this connection in its ordinary sense as implying permissive, and not mandatory, action or conduct. *Curlee v. Bank,* 187 N.C. 119, 121 S.E. 194; *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195. It thus appears that the directing or refusing of a compulsory reference in an action which the court has power to refer is a matter committed by the statute to the discretion of the court.

This conclusion finds support in our decisions. *Delafield v. Construction Co.,* 118 N.C. 105, 24 S.E. 10; *Fortune v. Watkins,* 94 N.C. 304. Moreover, it harmonizes with the holdings in other jurisdictions. *Brown v. Grove,* 25 C.C.A. 644, 80 F. 564; *Farmers' Loan & Trust Co. v. Northern Pac. R. Co.,* 61 F. 546; *United States v. Groome,* 13 App. D. C. 460; *Berkowitz v. Kiener Co.,* 37 Cal. App. 2d 419, 99 P. 2d 578; *Hicks v. Atlanta Trust Co.,* 187 Ga. 623, 1 S.E. 2d 669; *Mobley v. Faulk,* 42 Ga. 314, 156 S.E. 40; *Martin v. Foley,* 82 Ga. 552, 9 S.E. 532; *Harmon v. Martin,* 395 Ill. 595, 71 N.E. 2d 74; *Brignall v. Lewe,* 383 Ill. 549, 50 N.E. 2d 577; *Washington Nat. Bank v. Myers,* 104 Kan. 526, 180 P. 268; *Day Bros. Lumber Co. v. Daniel,* 23 Ky. Law 285, 62 S.W. 866; *Guinault v. Le Carpentier,* 19 La. 239; *Pierce v. Thompson,* 23 Mass. (6 Pick.) 193; *Stockman v. Michell,* 6 Detroit Leg. N. 151, 120 Mich. 293, 79 N.W. 480; *Buchanan v. Rechner,* 333 Mo. 634, 62 S.W. 2d 1071; *Couser v. Thayer* (Mo. App.), 204 S.W. 27; *Fitzgerald v. Hayward,* 50 Mo. 516; *Brennan v. Gale,* 56 App. Div. 4, 67 N.Y.S. 382; *Loverin v. Lenox Corp.,* 35 App. Div. 263, 54 N.Y.S. 724; *Johnson v. Jones,* 39 Okl. 323, 135 P. 12, 48 L.R.A. (N.S.) 547; *Taylor v. Thompson,* 213 S.C. 104, 48 S.E. 2d 648; *Momeier v. John McAlister, Inc.,* 190 S.C. 529, 3 S.E. 2d 606; *Farley v. Matthews,* 168 S.C. 294, 167 S.E. 502; *Peeples v. South Carolina Agr. Loan Ass'n,* 156 S.C. 429, 153 S.E. 283; *Bank of Timmonsville v. Peoples' Bank,* 147 S.C. 461, 145 S.E. 288; *Peoples' Bank of Hartsville v. Helms,* 140 S.C. 107, 138 S.E. 622; *Barnwell v. Marion,* 58 S.C. 459, 36 S.E. 818; *Farmers' Mut. Ins. Ass'n v. Berry,* 53 S.C. 129, 31 S.E. 53; *Robson v. Jones,* 33 Tex. 324; *Poultry Producers' Union v. Williams,* 58 Wash. 64, 107 P. 1040, 137 Am. St. Rep. 1041; *Poler v. Mitchell,* 152 Wis. 583, 140 N.W. 330; *Hart v. Godkin,* 122 Wis. 646, 100 N.W. 1057.

This brings us to the question of the appealability of the order refusing to direct a compulsory reference. Under the statute, an interlocutory order or judgment of a Superior Court Judge is not reviewable by appeal unless it is a judicial decision affecting a substantial right claimed in the action or proceeding. G.S. 1-277.

The court had the discretionary power to direct a compulsory reference in the instant case. The appellant had the right, therefore, to insist that the judge exercise his discretion, *i.e.*, that he choose between the granting and the refusing of the reference proposed by it. But the appellant's right did not extend beyond that point. It could not demand as a legal right that the judge should do what it asked, *i.e.*, direct the reference. For this reason, the order refusing the reference does not affect a substantial right of the appellant, and is not appealable. 4 C.J.S., Appeal and Error, section 129. See, also, in this connection: McIntosh on North Carolina Practice and Procedure in Civil Cases, section 676.

The defendant cites *Royster v. Wright*, 118 N.C. 152, 24 S.E. 746, and *Jones v. Sugg*, 136 N.C. 143, 48 S.E. 575, to sustain its claim that the order in controversy is appealable. The *Royster* and *Jones cases* and the present action are quite dissimilar. In each of those cases, the lower court erroneously construed the answer of the defendant to contain a plea in bar of the action asserted by the plaintiff, and denied the motion of the plaintiff for a compulsory reference as a matter of law on the legal ground that it had no discretionary power to direct such a reference on account of the undetermined plea in bar. In the instant case, however, Judge Nimocks rightly recognized that he had authority under the law either to grant or to refuse the compulsory reference proposed by the defendant, and he denied the motion of the defendant as a matter of discretion because he concluded that the ends of justice would be best promoted by an immediate trial before a jury. Nothing in the record suggests that Judge Nimocks abused his discretion in any way.

For the reasons given, the appeal must be dismissed.

Appeal dismissed.