The Northwestern Mutual Life Insurance Company vs. Starkweather, imp.

The Northwestern Mutual Life Insurance Company vs. Starkweather, imp.

APPEAL TO SUPREME COURT: *Damages and double costs on appeal.*

1. Damages will not be awarded the respondent (under R. S., ch. 139, sec. 29, and Laws of 1860, ch. 264, sec. 37) upon affirmance of a judgment fully paid and satisfied before appeal taken; and this applies to a case where the plaintiff in foreclosure purchased the property at the fore-

closure sale for the full amount of the judgment debt, including costs and interest, and the sale was confirmed before the appeal.

2. Where there was no submission, and no appearance here for the appellant when the case was called for argument, but the court, on looking through the record, cannot say that the appeal was frivolous or in bad faith, it refuses double costs.

APPEAL from the Circuit Court for *Milwaukee* County. *L. S. Dixon*, of counsel, for respondent.

LYON, J.    When the cause was reached in its order on the calendar, there was no appearance on behalf of the appellant, and the cause had not been submitted.   It was also made to appear, that no copies of the printed case had been served on the respondent as required by a rule of this court.   Counsel for the respondent thereupon moved that the judgment be affirmed under the rule in that behalf, with twelve per cent. damages, and also that double costs be awarded pursuant to the statute in such case made and provided.

The respondent is entitled to an affirmance of the judgment under the rule; and the only question is, whether he is also entitled to the special relief prayed.

The action is to foreclose two mortgages executed by the appellant and his wife to the plaintiff.   The plaintiff had judgment of foreclosure and sale, and the property was sold pursuant to the judgment, and purchased by the plaintiff at a price sufficient to pay the judgment and all costs and interest. This appeal is from such judgment.   The sale was duly confirmed by the court, before the appeal was taken.   The proceedings before appeal were a complete satisfaction of the judgment; and we think the question before us would not have been different had a stranger to the suit become the purchaser at the foreclosure sale, and the plaintiff's demand been paid in cash out of the proceeds of the sale.   Hence the precise question seems to be, whether any damages can be awarded to a respondent on the affirmance of a judgment fully paid and satisfied before the appeal therefrom was taken.   We

think the question must be answered in the negative. The damages which the statute gives, or authorizes to be given, on the affirmance of a judgment, are in place of interest; but if the judgment was paid before appeal, no interest could accrue upon it. We take it that the statutes on this subject (R. S., ch. 139, sec. 29; Laws of 1860, ch. 264, sec. 37) must be construed as though they enacted in terms that the respondent, on affirmance of a judgment in his favor, should in all cases recover seven per cent. interest on such judgment, and that in the discretion of the court he might recover a greater rate of interest thereon, not exceeding twelve per cent., as damages for the delay in collecting his judgment, caused by the appeal. If the judgment appealed was paid before the appeal taken, it is evident that there could be no such delay. In such case the object of the appeal is to establish the right of the appellant to recover back the money paid on the judg- ment. Failing in that, the respondent is unharmed by the appeal, and we cannot think that the statute was intended to give him interest or affirmance when he has no debt, or damages when he is not injured.

We hold the true construction of the statute to be, that on affirmance of a judgment the court shall not reduce the interest thereon pending the appeal, below seven per cent., but may in its discretion increase the rate thereof to twelve per cent. The statute does not reach a case in which the judgment was paid before appeal; at least it is quite inoperative in such a case. See *N. W. Mut. Life Ins. Co. v. Irish*, 38 Wis., 361.

As to the motion for double costs, we have looked through the record and are not prepared to say that the appeal is frivolous and was taken in bad faith. Hence we cannot grant the motion. *Morse v. Ins. Co.*, 30 Wis., 534; *Rice v. Garnhart*, 34 id., 470.

*By the Court.* — Judgment affirmed under the rule, with costs, but without damages.