McCORMICK vs. KETCHUM, imp.

*January 17—February 8, 1881.*

TRIAL.   *(1) Legal or equitable action?   Waiver of right to reference.
(2) Separate trial of counterclaim by court.   (3) Appeal not frivolous.*

1. Complaint for work and labor.   Answer: (1) A denial of the alleged value
   of such labor.   (2) A set-off for goods, etc.   (3) A counterclaim, alleging
   that plaintiff had been a confidential clerk, etc., of defendants, and had
   received large sums of money to be expended in their business, for which
   he refuses to account, or to deliver up the books, etc.   Defendants'
   motion to refer the cause for trial (as one in equity) being denied, they
   withdrew the counterclaim, and took part in a trial by jury.   *Held,* that
   the action was at law; that under sec. 2864, R. S., a reference was discre-
   tionary with the court; and that, if otherwise, the objection was waived.
2. Whether, if the counterclaim had not been withdrawn, the court should
   have proceeded at the proper time to determine the matters embraced
   therein, not here decided.
3. An appeal by defendant raising the questions here considered, *held* not
   frivolous.

APPEAL from the Circuit Court for *Portage* County.

The cause was submitted on the brief of *Patchin & Weed*
as attorneys, with *G. W. Cate,* of counsel, for the appellant,
and that of *Webb & Cochran* for the respondent.

ORTON, J.   The complaint is for work and labor, and the an-
swer is, *first,* that such work and labor was not worth the sum
alleged; *secondly,* a set-off for goods, wares and merchandise,
and money, and for board; and *thirdly,* as a counterclaim, that
the plaintiff has been the confidential clerk and book-keeper of
the defendants, and as such has received large sums of money
to be expended in their business, for which he has not accounted,
and refuses to so account or to deliver up the books and
papers.   The learned counsel for the defendants moved that
the case be referred, because it was a case in equity.   The
motion was overruled, and then the counterclaim was with-
drawn, and the cause was tried by a jury, the counsel for the

defendants appearing and cross-examining the witnesses of the plaintiff.

*First.* The plaintiff had the right to have his case tried by a jury, it being an action at law. *Secondly.* The reference of the cause was discretionary with the court. Section 2864, R. S. *Thirdly.* The irregularity, if any, was waived by withdrawing the counterclaim, and submitting the case to a trial by jury. If the counterclaim had remained in the case, the circuit court, at the proper time, might have determined the matters embraced in it without a jury; but whether it would have been proper or necessary for the court to have so disposed of the matter of the counterclaim, we do not decide, because the question is not before us.

We cannot say that this appeal is frivolous, and therefore deny the request of the counsel of the respondent for damages and double costs. *Northwestern Mutual Life Ins. Co. v. Starkweather*, 40 Wis., 341.

*By the Court.*— The judgment of the circuit court is affirmed.