RITTER, Appellant, vs. RITTER, Respondent.

*September 2 — September 20, 1898.*

(1) *Review on appeal.* (2, 3) *Costs: Equity: Accounting: Waiver.*

1. Questions not decided by, nor presented to, the trial court will not be reviewed on appeal.
2. An action for an accounting between partners is equitable in its nature, and costs are properly taxed on that theory.

3. A party does not waive his right to costs, under sec. 2894a, Stats.
1898, by reason of delay resulting from his securing a retaxation,
where they were originally taxed within sixty days after the filing
of the findings.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

For the appellant there was a brief by *Sylvester, Scheiber & Orth,* and oral argument by *Fred. Scheiber.*

For the respondent there was a brief by *W. J. & J. H. Turner,* and oral argument by *W. J. Turner.*

CASSODAY, C. J. It appears that prior to May 2, 1895, the plaintiff and the defendant were copartners in trade and business. On that day they dissolved partnership by a written instrument, signed by both of them. By that instrument it appears that the plaintiff sold his interest in the partnership property which belonged to them as partners April 1, 1895, and embraced in the schedule of assets annexed, excepting certain property reserved to the plaintiff as exclusively his, and excepting, also, the outstanding accounts, bonds, dues, demands, and other choses in action belonging to the firm, including the Obermann Brewing Company's bond of $1,000; that the defendant then paid to the plaintiff on such purchase $6,935.04 in cash. It was therein stipulated that the plaintiff should have the property so reserved, and one half of the accounts, bonds, notes, dues, demands, and choses in action so excepted, and which were to be collected by the defendant and accounted for to the plaintiff, less necessary expenses reasonably incurred; that each party was to account to the other within ten days; that the defendant thereby assumed and agreed to pay at maturity all the outstanding debts and liabilities of the firm, including the mortgage on firm real estate. On June 12, 1895, the plaintiff and defendant entered into an agreement in writing, to the effect that all such unsettled partnership

matters were then settled and determined, as follows: That for such outstandings which had been collected by the defendant, up to May 18, 1895, the defendant was indebted to the plaintiff in the sum of $526.57, which amount was on that day paid by the defendant to the plaintiff; that there only remained unsettled certain outstandings, dues, demands, and choses in action not collected by the defendant, May 18, 1895, and certain other matters not involved in this controversy.

On July 9, 1896, the plaintiff commenced this action. In his complaint he alleged, in effect, such dissolution of the firm, May 2, 1895; that within a year thereafter the defendant had collected of the outstanding accounts mentioned $1,390.46, after deducting the necessary expenses incurred in making such collection; that such sum was still in the hands of the defendant, and that one half thereof, amounting to $695.23, became due and owing by the defendant to the plaintiff as his share of such collections; that the defendant had failed and neglected to account for or pay over the same or any part thereof to the plaintiff; that after May 2, 1896, the remaining demands and accounts of the firm then uncollected were sold at public auction; that the plaintiff became the purchaser thereof, bidding therefor $600, one half of which sum the defendant was entitled to receive from the plaintiff; that after deducting the $300, being the one-half of the amount of such bid, from the $695.23 mentioned, there remained due to the plaintiff from the defendant $395.23, for which, with interest from May 1, 1896, he prayed judgment. The defendant answered to the effect that, in making the payments and statements to the plaintiff called for by the contracts mentioned, the defendant did, by oversight and mistake, pay the plaintiff, in excess of the amount due to him according to the agreement and understanding between them, the sum of $500; that attached thereto was a schedule, which correctly stated the account

between the plaintiff and the defendant, whereby it appeared that the plaintiff was indebted to the defendant in the sum of $110.26, upon a full, complete, and final accounting between them; and then alleged the same by way of counterclaim, and prayed judgment for that amount. The plaintiff replied, denying the counterclaim, with certain exceptions.

The case was thereupon referred to a referee to hear, try, and determine. Upon such trial and hearing the referee found that there was due to the plaintiff from the defendant $472.55, and that the plaintiff was entitled to judgment against the defendant for that amount, with costs.

On motion to modify and confirm such report, the trial court found, in effect, that there was an obvious mistake in the referee's report in not finding that the $526.57 which is admitted to have been paid by the defendant to the plaintiff, as stated in the written agreement of settlement made June 12, 1895, included $243.63 allowed to the plaintiff by the defendant, and being one half of the moneys collected by the defendant upon accounts made during the month of April, 1895, and also $256.88, being one half of the total profits of $513.76 made during that month, thereby allowing the plaintiff to participate twice in the accounts made during the month of April, 1895; that those two items, thus counted twice, amounted, in the aggregate, to $500.50, being the amount of the mistake alleged in the answer. The court also accounted for the same mistake by showing that the plaintiff was credited with $1,700.25, being one half interest in the new accounts receivable, and charging him on the corresponding account with only $1,200.25, being the one half of $2,400.51, making a difference of $500.

1. These findings of the trial court are sustained by the evidence. In fact, the mistake is conceded by counsel, but it is contended that it is more than offset by other mistakes in favor of the defendant. No such mistakes, however, are alleged in the pleadings, nor do they seem to have been brought to the attention of the trial court. We cannot re-

view questions not decided by, nor presented to, the trial court. The trial court corrected and restated the accounts between the parties, and found that there was due to the defendant from the plaintiff $110.26, and ordered judgment in favor of the defendant for that amount, and this is an appeal from the judgment entered thereon accordingly. The questions presented are purely questions of fact. We think they were correctly decided.

2. Counsel contend that this is an action at law, and that the clerk correctly limited the taxation of costs to $15. We are clearly of the opinion that this action for an accounting between partners is equitable in its nature, and that the costs were properly taxed on that theory.

3. It is claimed that the costs were not taxed in time. Although the findings of the court bear date November 10, 1897, yet they were not, in fact, made and filed with the clerk until January 5, 1898. On January 20, 1898, the defendant served his bill of costs and notice for the taxation of the same. The clerk limited the taxable costs to $15. Thereupon the attorneys for the defendant gave notice of retaxation of such costs, and after the hearing of that motion, and on March 21, 1898, the court vacated and set aside such taxation by the clerk, and ordered that the clerk tax in favor of the defendant full costs and disbursements as and for a case in equity, and insert the same in the judgment; and thereupon, and on April 1, 1898, the judgment was perfected accordingly. The costs having been taxed within the sixty days, the defendant did not waive his right to costs by reason of the delay in the retaxation of the same, under sec. 2894a, Stats. 1898. That statute makes a party responsible for his own negligence and delay, but not for such delay in securing a retaxation of costs. *State v. Reesa*, 57 Wis. 422.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.