## HART, Respondent, vs. GODKIN, Appellant.

*September 27—October 18, 1904.*

(1–3) *Reference: Discretion:* Res judicata: *Second application:*
*Refusal to exercise discretion is error.* (4–6) *Evidence:*
*Memoranda: Competency of witnesses: Contents of writing.*
(7) *Counterclaim.* (8) *Instructions to jury: Wilfully false*
*witness.* (9) *Verdict: Perverseness.* (10) *Costs: Perfecting*
*judgment.*

1. In sec. 2864, Stats. 1898, providing that "all or any of the issues
   in the action . . . *may* be referred," etc., the word "may"
   does not mean "must" or "shall," but the matter is left to the
   sound discretion of the court.
2. Although an application for a reference has once been denied,
   the matter is not *res judicata* so as to preclude the granting
   of a second motion therefor; and where after the first denial
   another judge is called in because of the alleged prejudice of
   the judge who then presided, *it seems* that the discretion of
   the court should be exercised in respect to the second motion
   by looking into the subject anew.
3. Refusal of the trial court to exercise its judicial discretion
   where, by the law, such exercise is required, constitutes re-
   versible error upon appeal by the aggrieved party, regardless
   of what the result of such exercise might have been.
4. If a witness has no present recollection of a matter either
   independently or with reference to a memorandum made by
   him, or by another and found by him on a verification thereof
   to be correct, but is possessed of a memorandum which he
   testifies he made and then knew that it was according to the
   facts, or was made by another and subsequently by him veri-
   fied and found to be correct when he had knowledge of the
   facts, so that he is able by a present reference to the paper to
   testify to the truth of the matter by relation to his former
   knowledge, he may properly so testify, and the paper itself
   may properly be received in evidence, not as an independent
   evidentiary instrument, but as a part of the witness's testi-
   mony.
5. In passing upon the competency of a witness to testify, where
   his only source of knowledge is a memorandum of matters
   of which, even by a reference thereto, he has no present re-
   membrance, if any of the essentials of competency are not
   clearly satisfied the witness should be held incompetent.
6. In an action for services it was error to permit plaintiff to give

Hart v. Godkin, 122 Wis. 646.

evidence as to his remaining at a certain place by order of defendant by letter, where the letter was not produced and no excuse was given for its nonproduction.

7. To deny a defendant his right (givén by sec. 4258, Stats. 1898) to a counterclaim upon a judgment in his favor, on the ground that he had an ample remedy to have it applied on any judgment which might be recovered against him in the action, was error.

8. To charge the jury that if they believed any witness had wilfully sworn falsely they might disregard his entire testimony except in so far as it was "corroborated by the testimony of any other witness," was error. The court should have said "corroborated by some credible evidence."

9. Where there is room for a reasonable conclusion that the jury, in returning a verdict contrary in one respect to the direction of the court, was innocently mistaken or had forgotten rather than wilfully disobeyed such direction, and the mistake was promptly corrected by the court, refusal to hold the verdict perverse was not error.

10. Sec. 2894a, Stats. 1898, requiring the successful party to perfect the judgment within sixty days after verdict or be deemed to waive his rights to costs, is fully satisfied if the judgment is once perfected during that period; and proceedings for a retaxation of costs after the sixty days, resulting in a change in the judgment by reducing or increasing the costs, are not affected by the section.

APPEAL from a judgment of the circuit court for Vilas county: A. J. VINJE, Judge. *Reversed.*

Action to recover $168.14, on facts alleged, to the effect that the plaintiff worked for defendant in a logging camp as foreman twelve months and nine days at $60 per month, and twenty-three days as a scaler at $35 per month, and expended while in defendant's business, at his request, $104.60; that the indebtedness which thus accrued for expenditures and $638.58 to apply on wages was paid, leaving a balance of $168.14, sued for. The defendant put in issue the amount of plaintiff's claim, alleging payment of $747.43, and that it was in excess of all indebtedness which accrued growing out of the matters referred to in the complaint; and counterclaiming as follows:

1. $41.87, on account of negligent over-issue of orders to men whereby plaintiff lost that amount;

2. Damages for twenty-nine days at $25 per day because of unnecessary absence for such time from the work plaintiff was employed to supervise;

3. $31.15, for goods intrusted to plaintiff, which he failed to account for;

4. A judgment indebtedness against plaintiff of $52.54;

5. $90 for board of plaintiff's wife and family.

It was admitted that according to the books there was an overpayment of $41.87. The proofs failed as to the $31.15. Payment to the plaintiff of $747.43, was admitted. When the case came on for trial the defendant, on a proper affidavit, moved for a compulsory reference, which was denied. Later such proceedings were taken, on account of alleged prejudice of the presiding judge, that another judge was called in to preside at a second trial. Before entering thereon a second motion for a compulsory reference was made, based on the record and an additional affidavit sufficient on its face to warrant granting the motion. The motion was denied by the court upon the ground that the denial of the previous motion precluded reconsideration of the matter.

The result of the trial was a verdict for plaintiff for $163.04, though the total of the plaintiff's claim, as explained by the court in the charge to them, was $131.94. A motion for a new trial was made, based upon the claim, among others, that the verdict of the jury was perverse. Before such motion was decided plaintiff remitted from the verdict sufficient amount to reduce it to $110.80. Defendant's motion was then denied and judgment entered for the plaintiff.

The errors claimed to have been made, affecting the judgment, will be referred to in the opinion.

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

For the respondent there was a brief by *Colman & Colman,* and oral argument by *N. A. Colman.*

MARSHALL, J.   The first error assigned is the refusal to consider the application for a compulsory reference because a previous motion therefor had been denied and precluded considering the matter again.   The claim of appellant's counsel that the right to a reference under sec. 2864, Stats. 1898, is absolute must be ruled in favor of the respondent, this court having so held on such a proposition in *McCormick v. Ketchum,* 51 Wis. 323, 8 N. W. 208.   The language of the statute "All or any of the issues in the action   .   .   .   may be referred" etc., is permissive.   It makes an application for reference a matter addressed to the sound discretion of the court.   The vital word "may" is not used with reference to public rights or interests, or where the public or a third person have a claim *de jure* that the power shall be exercised. So it is not an instance where, by the rules of statutory construction, a permissive word should be given the mandatory significance of must or shall.   *Cutler v. Howard,* 9 Wis. 309; *Market Nat. Bank v. Hogan,* 21 Wis. 318; *Dutcher v. Dutcher,* 39 Wis. 651; *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799; Sutherland, Statutory Construction, § 462. When a permissive word is not so used in a statute it must be taken in its literal sense.   The privilege of the statute in question is designed for the convenience of both the court and parties.   Manifestly in some circumstances it would be so helpful in discovering and pointing out definitely the truth of a controversy, that a denial thereof would be an abuse of discretion, but in many, probably in most cases, a reference is a greater aid to the court than to the parties.

The ruling idea with the learned circuit judge in denying the application for a reference, that the previous decision in the case precluded doing otherwise, is manifestly wrong. This court established a different doctrine, in *Hackett v.*

*Carter,* 38 Wis. 394; *Schoenleber v. Burkhardt,* 94 Wis. 575,. 69 N. W. 343; *Watson v. Appleton,* 62 Wis. 269, 22 N. W. 475; *Madden v. Kinney,* 116 Wis. 561, 93 N. W. 535. In in its early decision the rule was based on the statute, which provides that upon appeal from a judgment any intermediate order, involving the merits and not affecting the judgment, may be reviewed. That rule was held necessarily to give the trial judge a right, during the progress of a case in his court, to review his own decisions therein. Doubtless a judge having once, upon a fair discussion of the matter, decided a proposition, may properly refuse again to consider the same matter in the same case, under the same circumstances, because of the improbability of a different decision being reached, but not because of disability to do so on the doctrine of *res adjudicata.*

It follows that it was the duty of the court to exercise its discretion in respect to the second motion for a reference, by looking into the subject anew, or deciding the matter without doing so because of the improbability of a different result being reached. Probably the former course should have been pursued, under the circumstances of this case, since the second motion was made before a different judge than the first, the former having been called in to hear the case because of alleged prejudice of the one who presided when the first motion was made. The denial of the first motion may have been one of the occurrences which led to the belief that the first judge was prejudiced.

The learned counsel for the respondent insists that, conceding the law to be as before stated, it should not work a reversal because the motion was properly decided, or if not, no prejudicial error in denying it was committed. On that proposition this court has ruled the other way. In numerous instances it has been held that the refusal of the trial court to exercise its judicial discretion where, by the law, such exercise is required, constitutes reversible error upon appeal by the

aggrieved party, regardless of what the result of such exer-
cise may have been. *Murray v. Buell,* 74 Wis. 14, 41 N. W.
1010; *Binder v. McDonald,* 106 Wis. 332, 82 N. W. 156.

Further complaint is made because the respondent was per
mitted to support his claim as to the expenditure of various
sums of money, aggregating $104.72, by his own testimony,
though having no present remembrance of the items and de-
pending solely upon a copy of the account kept by him on ap-
pellant's books, which had been turned over to the latter.
Appellant's counsel argue that the paper did not satisfy any
of the rules as regards a memorandum a witness may use to
refresh his recollection. Respondent's counsel in offering the
evidence probably had in mind the rule discussed and eluci-
dated in *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671, and
*Nehrling v. Herold Co.* 112 Wis. 558, 88 N. W. 614, and
mentioned as elementary in Jones, Evidence, § 886. It may
be stated thus: If a witness has no present recollection of a
matter as to which he is called to give evidence, either inde-
pendently of or with reference to a memorandum made by
him, or by another and found by him on a verification thereof
to be correct, but is possessed of a memorandum which he tes-
tifies he made and then knew that it was according to the facts,
or was made by another and subsequently by him verified
and found to be correct, when he had knowledge of the facts,
so that he is able by a present reference to the paper to testify
to the truth of the matter by relation to his former knowledge,
he may properly so testify, and the paper itself may properly
be received in evidence, not as an independent evidentiary
instrument, but as a part of the witness's testimony. Prob
ably the learned court admitted the evidence in question, hav-
ing some impression in respect to such rule. It is a very
beneficial rule when properly administered. However, it may
be used in a such a way as to be very dangerous by permitting
evidence hardly rising above the dignity of hearsay. In
passing upon the competency of a witness to testify, where

his only source of knowledge is a memorandum of matters, of which even by reference thereto he has no present remembrance, if any of the essentials of competency are not clearly satisfied the witness should be held incompetent. We are not entirely satisfied that the competency of the witness in question was so established, yet under the rule regarding how the decisions of a trial court should be treated on such a question, we are not sufficiently clear that the decision under review was wrong to reverse the judgment on that ground alone. The witness testifying on the *voir dire* said in substance: I cannot remember all of the items without the aid of the book or some memorandum. I kept the books and have a statement taken therefrom which I made. I am willing to swear that I paid out the $104.72. Now whether the learned trial court had fully in mind all the essentials of the rule under consideration, it will be readily seen, is not very clear because, if the evidence of the witness was proper, then it was proper to admit the memorandum as a part thereof, yet the court ruled against the latter but in favor of the former. The witness should have been required to make a reasonably clear showing on the *voir dire* that when he made the copy he had knowledge of the facts, or knowledge thereof when he made the charges upon the books, and that they were correctly made, and that the copy was a correct transcript of the original. That would have furnished a basis for the witness to testify by the aid of the paper and for the reception of it as part of his evidence.

Error is assigned because the court permitted respondent to give testimony as to his remaining in camp until a specified time by order of appellant by letter, though the letter was not produced, nor any excuse given for its nonproduction. That was error.

Further complaint is made because the court ruled that the counterclaim on the judgment indebtedness could not be

considered because defendant possessed an ample remedy to have it applied on any judgment recovered herein. That was error since the statute (sec. 4258, Stats. 1898) accorded defendant the right to plead the judgment as a counterclaim. Obviously it was improper for the court to deny a clear statutory right.

Further error is assigned because the court charged the jury in these words:

"If you are of the opinion from the evidence that any witness has wilfully sworn falsely as to any matter or thing material to the issues in this case then you are at liberty to disregard the entire testimony of such witness, except in so far as you may find it corroborated by the testimony of any other witness."

The use of the term "any other witness" rendered the instructions fatally defective under the decision in *F. Dohmen Co. v. Niagara F. Ins. Co.* 96 Wis. 38–51, 71 N. W. 69. The true rule as therein indicated is that, in the contingency mentioned, the jury may disregard the entire evidence of a witness not corroborated by some credible evidence. *Allen v. Murray,* 87 Wis. 41–46, 57 N. W. 979; *Mercer v. Wright,* 3 Wis. 645; *Patnode v. Westenhaver,* 114 Wis. 460, 90 N. W. 467.

Further complaint is made that the court refused to hold the verdict perverse because $163.04 was awarded plaintiff thereby, though the jury was instructed that the evidence and admissions would only warrant $131.94. If we were to view these circumstances as the learned counsel for the defendant does, the assignment of error would appear clearly well taken. They suggest that since it was established by the evidence, and admitted upon the trial, that errors were made by the plaintiff in keeping the books, to his own prejudice to the extent of $31.20, which the court directed should be deducted from the $163.04 found by the verdict, the jury might have

thought the plaintiff was just as likely to have made errors to a similar amount against himself, though there was no suggestion in the evidence that such errors were made, so that justly the full claim of $163.04 should be allowed. Manifestly for the jury to reach a verdict by that process of reasoning would be a clear case of perversity. It is more likely that, in considering the complications, the $31.20 was forgotten, than that the jury purposely disobeyed the instructions of the court. We hardly think the rule in *New Home S. M. Co. v. Simon,* 107 Wis. 368–379, 83 N. W. 649, invoked by counsel, should be applied. There plaintiff was entitled to a verdict for about $2,000 and interest, or defendant was entitled to a verdict of no cause of action. Upon a theory advanced by the defendant, but rejected by the trial court, the jury gave a verdict of $1,000 and interest. The circumstances of the case were such as are liable to prejudice a jury against the plaintiff. It was a foreign corporation. The defendant was a citizen of the jurisdiction where the cause was tried. He was sued as a mere surety for the agent of the plaintiff. He was induced by misrepresentations, to which the plaintiff was in no wise a party and for which it was in no wise responsible, to become surety. There was no room, under the circumstances, for a reasonable conclusion that the verdict of the jury was the result of an innocent mistake. It was therefore held to be clearly perverse. There is such room in this case, and as the mistake was promptly corrected by the court, the defendant was not prejudiced.

Finally complaint is made because the court allowed an item of $275, for sheriff's fees as to attached property, to be added to the judgment more than sixty days after the date thereof. It is claimed that such circumstance was not permissible under sec. 2894a, Stats. 1898, which provides that:

"Whenever a finding shall be filed or a verdict rendered the successful party shall perfect the judgment and cause it to be entered thereon within sixty days after such filing or

rendition, and if he neglect or fail so to do the clerk of the court shall prepare and enter the proper judgment, but without costs to either party. The neglect or failure of such party to so perfect and enter judgment shall be deemed a waiver of his right to the accrued costs in the action."

This section contains some further provisions with reference to the extension of time for taxing the costs, not material to this case. The facts here are that sheriff's fees to the amount of $275, claimed for taking care of attached property, were formally taxed by the clerk with the general taxation of costs and judgment was fully perfected within sixty days from the date thereof. Such fees, however, were not strictly taxable when allowed because not passed upon by the court, under sec. 731, subd. 25, Stats. 1898. On a motion for the retaxation of costs such fees were disallowed upon that ground, but with leave to subsequently move the court in the matter. Such motion was promptly made and within sixty days from the date of the judgment. The hearing was continued by stipulation until some time after the expiration of such sixty days, when it was heard, and the amount originally taxed allowed and inserted in the judgment. Doubtless upon the motion for a retaxation of costs the court might properly have passed upon the sheriff's claim, instead of obliging respondent to specially move in the matter. The fact that the clerk did not formally tax the item after the amount thereof was fixed by the court, if error at all, was not prejudicial error. The fact that the ultimate allowance of costs was at a time subsequent to the expiration of sixty days from the date of the judgment is of no significance, since sec. 2894a was fully satisfied by the judgment having once been perfected within that period. Proceedings for a retaxation of costs, after the sixty-day limit, resulting in a change in the judgment by reducing or increasing the costs are not affected by such section, as this court decided in *Ritter v. Ritter,* 100 Wis. 468, 76 N. W. 347.

For the reversible errors pointed out, the judgment must be reversed and the cause be remanded for a new trial.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.