POLER and another, Respondents, vs. MITCHELL, Appellant.

*February 19—March 11, 1913.*

*Appeal: Questions of fact: Sale of logs: Effect of agreed scale: Instructions to jury: Harmless error: Damages: Reducing jury's award: Reference: Discretion.*

1. Where the direct evidence as to a disputed fact is conflicting and the corroborating circumstances in favor of the verdict are as persuasive as those against it, the verdict must stand.
2. In an action to recover a balance due for logs sold and delivered, an error in instructing the jury as to the binding effect of a scale agreed upon by the parties was not prejudicial where defendant admitted that he had received more than the agreed scale and the only question for the jury was how much, if any, more than the amount so admitted he had in fact received.
3. The trial court, in giving plaintiff the option to take judgment for an amount less than that found by the jury or submit to a new trial, having stated that he was convinced that another jury fairly, impartially, and logically considering the evidence would probably fix the amount as low as such reduced sum, and having referred to *Heimlich v. Tabor,* 123 Wis. 565, such state-

ment and reference are *held* to show that he had in mind and adopted the true rule in reducing the verdict, namely, to reduce it to an amount below which an impartial jury would probably not place it upon a retrial.

4. The granting or denying of a reference on the ground that a counterclaim involved the examination of a long account was a matter resting in sound discretion; and the denial in this case was not an abuse of such discretion, especially as the verdict eliminated the counterclaim.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Modified and affirmed.*

Action to recover balance of purchase price for logs sold and delivered to the defendant. The complaint alleged that some time in January, 1910, the plaintiffs entered into an oral contract with the defendant to sell to him a certain quantity of basswood, elm, birch, and pine logs, at certain agreed prices except as to elm, and to deliver the same at the sawmill of one George McNinch; that pursuant to such contract they delivered at said mill for the defendant 203,533 feet, which, under such alleged contract, amounted to $2,602.19; that due demand was made upon the defendant for the payment of this sum, but none thereof was paid except $1,427, and judgment was prayed for the balance of $1,175.19, with interest, and costs of the action.

The defendant alleged that the terms of the oral contract were not as claimed by the plaintiffs; that he contracted to pay for the timber different prices from those which they claimed he agreed to pay; that the total amount of various timber landed at the mill was only 141,655 feet; that the final delivery of the logs, after the same had been sawed into lumber at the mill, was agreed by the plaintiffs to be made at Elcho and not at the sawmill of McNinch; and that because of plaintiffs' refusal to haul the lumber, manufactured from said logs, from the mill to Elcho, he was compelled to haul the same at an expense of $750, for which sum, by way of counterclaim, he demanded judgment against the plaintiffs.

The jury returned the following special verdict: (1) that the contract between the plaintiffs and the defendant was that they should sell to him and make completed delivery at Mc-Ninch's mill of their pine logs for the price of $15 per thousand, their birch logs for $13 per thousand, and their basswood logs for $14 per thousand, log scale; (2) that the quantity in log scale of each of the following kinds of plaintiffs' logs landed at McNinch's mill was there sawed for the defendant, viz.: pine logs, 38,156 feet; birch logs, 14,276; basswood logs, 105,886; and elm logs, 18,957; (3) that the reasonable market value of elm logs of the grade of those delivered by plaintiffs to defendant while the same were at McNinch's mill in March, 1910, was $9 per thousand; and (4) that it was not the contract between plaintiffs and defendant that the former should for the price of $16 per thousand feet log scale for pine, $14 per thousand feet log scale for birch, $15 per thousand feet log scale for basswood, sell their logs to defendant, haul the same to McNinch's mill to be sawed, and take the lumber from the mill and deliver the same to defendant at Elcho.

The court gave the plaintiffs the option of a new trial or judgment for ten per cent. less than the amount of timber found by the jury. The plaintiffs accepted the latter, and judgment was entered upon the verdict as so amended. From such judgment the defendant appealed.

For the appellant there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

*H. F. Morson,* for the respondents.

VINJE, J. Two disputed questions of fact arise upon this appeal, namely, the place of delivery of the logs and the amount delivered. Plaintiffs claim the contract called for delivery at McNinch's mill, while defendant's contention is that the logs were to be delivered by plaintiffs at the mill, were then to be sawed and the lumber piled by plaintiffs, and

then hauled by them from the mill to the railroad at Elcho, distant about nine miles from the mill. The contract was an oral one and there is a direct conflict in the testimony of the parties as to place of delivery. As circumstances tending to corroborate the defendant's claim, our attention is directed to the fact that logs sold for considerably less at Elcho, and that it is unreasonable to suppose an experienced lumberman like the defendant would pay four or five dollars per thousand more for logs at the mill than he could buy them for at the railroad at Elcho. Plaintiffs' answer to this is that defendant was getting a select grade of logs, called veneer logs, and that they were worth much more than the average run of logs. The evidence as to the grade of logs received by the defendant sustains plaintiffs' claim. A number of other corroborating circumstances are adduced by both parties to strengthen their respective versions of the contract. But the above is sufficient to show their general nature and the total variance of the evidence as to place of delivery. Where the direct evidence as to a disputed fact is conflicting and the corroborating circumstances in favor of the verdict are as persuasive as those against it, the verdict must stand.

Plaintiffs' evidence showed the total quantity of logs delivered to be 177,275 feet, while defendant's evidence showed it to be only 141,655; that of plaintiffs was based upon their logs scale in the woods, which was shown by a rescale of a portion of the logs at the mill to be somewhat too high; that of defendant, by a scale made by him at the mill. It appears that plaintiffs and defendant rescaled about 129,000 feet upon which they agreed; that in making such rescale they were often unable to agree as to the scale of a log; that such log was then marked "box," and it was claimed by plaintiffs that sound lumber from such box logs went to defendant and the unsound to them, and also that a quantity of logs delivered were not scaled jointly by the parties. The dispute arose, therefore, mainly as to the quantity of lumber which

the defendant received from the box logs and the quantity not scaled jointly. Defendant admits he scaled at least 13,000 feet when plaintiffs were not present. They claim he scaled more, and that he received at least 21,000 feet out of the box logs. The jury found the full amount of plaintiffs' log scale in the woods. The trial court was of the opinion that the amount so found was too large and gave plaintiffs the option of a new trial or judgment for ten per cent. less than the amount found by the jury. It would be unprofitable to review in detail the alleged errors in the scales of the respective parties. The evidence of neither side as to the exact quantity of logs delivered is very certain and definite. Suffice it to say, however, that it is sufficient to support the verdict as amended by the court.

The court instructed the jury: "In case you should be of the opinion from the evidence that as to any of these logs the plaintiffs and the defendant together made a scale and agreed thereon, then you may accept such scale as a correct one." It is claimed the true rule is that an agreed scale is binding upon the parties and that the court should have so instructed the jury. Undoubtedly that is the law, and such scale cannot be impeached except for fraud, mistake, prejudice, or neglect. *Early v. Chippewa L. Co.* 68 Wis. 112, 31 N. W. 714; *Stubbings v. McGregor,* 86 Wis. 248, 56 N. W. 641; *Peterson v. South Shore L. Co.* 105 Wis. 106, 81 N. W. 141. This case, however, like that of *Magee v. Smith,* 101 Wis. 511, 78 N. W. 167, is one to which the rule does not apply. It is uncontradicted that the scale of 129,000 feet was agreed upon. Indeed, defendant admits that he received 141,655 feet. So it will be seen that the agreed scale falls within what defendant admits he received and that the dispute arose as to the balance. Any error, therefore, in the instruction as to the agreed scale could not affect the jury's finding as to how much more the defendant got. Since by his own admission he received more than the agreed scale, the jury would take the amount ad-

mitted by him to be the least number of feet delivered, and would be concerned only in determining how much more, if any, he received. By admitting the receipt of 141,655 feet, the agreed scale of 129,000 feet of part of the logs was eliminated. The only question that remained was, How much more than the amount admitted by the defendant, if any, did he receive?

It is urged the court, in reducing the verdict by ten per cent., did not adopt the true rule, namely, reduce it to an amount below which an impartial jury would probably not place it upon a retrial. In his opinion the judge says: "All together I am convinced that another jury, fairly, impartially, and logically considering the evidence, would probably find the amounts of different kinds of logs to be less than plaintiffs' scale and more than defendant's scale, and would probably fix the amounts as low as ninety per cent. of plaintiffs' scale," and the case of *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10, is referred to by him. It seems clear from the language of the judge, taken in connection with the case to which he refers as a guide, that he had the true rule in mind and adopted it in reducing the verdict.

Defendant counterclaimed for the expense of piling the lumber at the mill and hauling the same to Elcho, set out an account consisting of about thirty-two items, and moved for a reference. The motion was denied and error is alleged because of such denial. It was held in *Hart v. Godkin,* 122 Wis. 646, 100 N. W. 1057, that the granting or denying of a motion for reference was a matter resting in the sound discretion of the trial court. To the same effect is *McCormick v. Ketchum,* 51 Wis. 323, 8 N. W. 208. We see no ground for disturbing the exercise of such discretion, especially in view of the fact that the verdict eliminated the counterclaim.

Costs were taxed in the sum of $36.15. This is admitted by respondents to be $11.15 more than the statute allows, and they are willing that the excess should be deducted from the

judgment, though no motion to retax was made in the trial court. The judgment is modified by deducting therefrom the sum of $11.15, and as so modified is affirmed, with costs to respondents.

*By the Court.*—Judgment modified by deducting therefrom $11.15, and as so modified affirmed, with costs to respondents.