# CASES DETERMINED

# January Term, 1915.

---

Astor Company, Respondent, vs. Dengel, Appellant.

*April 13—May 4, 1915.*

*Compulsory reference: Long account: Discretion: Municipal courts: Statute construed.*

1. How long an account must be in order to justify a compulsory reference is largely a matter of judgment and sound discretion on the part of the trial court. In this case, an account of twenty-nine items for legal services and disbursements, covering a period of about forty days, justified such a reference.
2. By sec. 56, ch. 23, Laws 1907, the municipal court of Outagamie county is given power to order a compulsory reference under sec. 2864, Stats. The proviso in sec. 2864 relating to municipal courts applies only to references by consent.

Appeal from a judgment of the municipal court of Outagamie county: Thomas H. Ryan, Judge. *Affirmed.*

Action to recover $377.82 upon an account for legal services and disbursements. The plaintiff is the assignee of the firm of Cady, Strehlow & Jaseph, which performed the services. The account consists of twenty-nine items, all relating to a single action and covering a period from May 16 until June 26, 1913. The defendant admits that he employed Mr. Cady to examine the pleadings and consult with Mr. H. C. Sloan of Appleton in regard to an action against the city of Appleton which had already been brought by Mr. Sloan, and to assist in the trial thereof, and that he agreed to pay $25 per day for such services, but that the services actually rendered by Mr. Cady were not worth to exceed $50. The

present action was brought in the municipal court of Outagamie county and, against the defendant's objection, was referred to Paul V. Cary, Esq., of Appleton, to hear, try, and determine. The referee after hearing the evidence made findings in plaintiff's favor for the whole sum claimed, which findings were confirmed by the court and judgment rendered for the plaintiff thereon. From this judgment defendant appeals.

For the appellant the cause was submitted on the briefs of *Theodore Berg.*

For the respondent there were briefs by *Cady, Strehlow & Jaseph,* and oral argument by *M. H. Strehlow.*

WINSLOW, C. J. Held:

1. The question as to the necessary length of an account in order to justify a compulsory reference is largely a matter of judgment and sound discretion on the part of the trial court. Twenty items have been held sufficient. *Brillion L. Co. v. Barnard,* 131 Wis. 284, 111 N. W. 483; *Poler v. Mitchell,* 152 Wis. 583, 140 N. W. 330; *Turner v. Nachtsheim,* 71 Wis. 16, 36 N. W. 637. There was no abuse of discretion in the present case.

2. The municipal court of Outagamie county has power to order a compulsory reference under sec. 2864, Stats., because by sec. 56 of the act creating that court (ch. 23, Laws 1907) it is given all the powers of the circuit court in circuit court actions except as otherwise specially provided in the act. The clause in sec. 2864 to the effect that the provision for references upon written consent of the parties shall not apply to municipal courts and certain county courts has no application to the provisions authorizing a compulsory reference.

3. The findings of fact in the present case are sufficiently supported by the evidence.

*By the Court.*—Judgment affirmed.