VOLK, Respondent, vs. FLATZ, Appellant.

*November 12—December 8, 1931.*

For the appellant there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief by *Hugh G. Haight* of Loyal, and oral argument by *Donald L. Farr* of Eau Claire.

FRITZ, J.   The pleadings resulted in issues of fact triable by jury.   Without any application for a reference until the

action was called for trial, and then, without any affidavits or formal showing of facts as basis for such an application, defendant moved for a reference under sec. 270.34, Stats. Plaintiff opposed that motion, and it was denied by the court with the statement that it was the court's experience that references result in delays, and the cases must frequently be retried. We appreciate the correctness of that statement, and upon the situation which was presented by the state of the record at the time the motion was submitted, the court was not in error in denying the application. It is established that unless such denial amounts to an abuse of discretion it does not usually constitute reversible error. *Poler v. Mitchell,* 152 Wis. 583, 588, 140 N. W. 330; *Hart v. Godkin,* 122 Wis. 646, 649, 100 N. W. 1057. However, subsequent developments upon the trial disclosed considerable confusion, uncertainty, and irreconcilable conflict in the evidence in relation to plaintiff's financial transactions during his nine months' management of the station. Those transactions, and the resulting controversies, involved the accuracy and comparison of inventories of the stock in trade taken at the commencement and the termination of plaintiff's services, and his purchases during his employment of additional vendible stock, as well as supplies for the maintenance of the station; several thousand current cash sales and some sales on credit, and the subsequent payments on resulting accounts; the current deposit in the bank of all cash receipts and the tracing and comparison of such receipts with the current deposits; several hundred purchases of vendible merchandise and also of supplies for maintenance, and the payments for such purchases out of the current cash receipts or by bank checks.

Defendant relied upon computations made by his wife, who, having had some bookkeeping experience, had concluded that plaintiff's shortage amounted to $2,056.63; and defendant offered proof of a few apparent irregularities in

recording sales upon the cash register, and alleged omissions to account for $35 paid on accounts receivable and for some . refunds on payments for merchandise purchased.

On his part, plaintiff denied in a general way the accuracy of the conclusions arrived at by defendant's wife. He asserted that there was no shortage, and offered some explanations as to the apparent irregularities.

No well qualified expert accountant testified on the trial, or appears ever to have attempted to make an audit of the transactions. Under the circumstances there was no satisfactory audit or proof as to the true financial state of affairs as a result of plaintiff's conduct of the station. The correct result cannot be ascertained without a more complete and intelligible audit and explanation thereof to whatever tribunal is judicially to determine that result. At all events, the developments and disclosures on the trial, as to the complicated and confused state of the financial transactions involved, have demonstrated conclusively that the trial of the issues of fact required the examination of a long, detailed account, which it is impossible for any jury to do with sufficient certainty to afford the basis for judicial judgment. No trier of the complicated issues involved in this case, functioning as a juror in the manner and under the circumstances attending a trial by jury, can acquire an intelligible understanding and arrive at any reliable conclusion within the time that a jury has to deliberate as a unit in order to reach a verdict. Even on a trial by a referee, or a court without a jury, the trier could not well proceed intelligently without careful notations of the details disclosed by the evidence as it was admitted during the trial, and extended study and analysis of such evidence and his notations during his subsequent deliberations in chambers without haste. Under the circumstances, justice could not well be done in this case without affording jurors the facilities and opportunities for notation and subsequent deliberation which were necessary,

but which were possible, in practice, only upon a hearing before a referee or court without a jury. Consequently, it seems very probable that justice has miscarried and that therefore, in accord with sec. 251.09, Stats., the judgment should, in the discretion of this court, be reversed and the parties granted a new trial, for which purpose there should either be a reference ordered by the court under sec. 270.34, Stats., or a trial by the court without a jury upon the consent of the parties. The latter is preferable, of course, whenever possible, in order to avoid subjecting the county to the additional expense of a reference.

On the other hand, there was no error on the trial in any of the other respects complained of by defendant, excepting in overruling his objections to permitting two witnesses, during the course of their direct examination by plaintiff's counsel on other matters, to testify also that plaintiff's reputation for truth and veracity was good. As defendant never offered any testimony on that subject, the door had not been opened for the introduction of any such testimony by plaintiff in the first instance. However, during the court's subsequent instructions to the jury that improper testimony was stricken, and the jury was properly instructed to entirely disregard it. Thus, the court rightly endeavored to avoid the prejudicial effect of that improper testimony, and, as a new trial is proper for the other reasons stated above, it is unnecessary to determine whether that subsequent instruction failed to obviate the prejudicial effect of that testimony.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.