MILLER, NIXON & CO. v. SOUTHERN LAND AND LUMBER CO.

1. INSOLVENCY defined.
2. RECEIVER.—The facts in this case did not warrant the appointment of a receiver.

Before ALDRICH, J., Hampton, December, 1897. Reversed.

Creditors' bill by Miller, Nixon & Co. *v.* Southern Land and Lumber Co., and Wood Bros., asking for receiver. From order ʾappointing receiver, the· defendant, Southern Land and Lumber Company, appeals.

*Mr. Wm. T. Gary,* for appellant, cites: 27 S. C., 415; 19 S. C., 286.

*Messrs. W. S. Tillinghast* and *W. S. Smith,* contra, cite: *Exception too general:* 19 S. C., 61; 14 S. C., 177; 20 S. C., 503; 22 S. C., 271; Rule V.; 48 S. C., 430, 324; 46 S. C., 251. *Appointment of receiver proper:* 40 S. C., 11; 30 S. C., 204; 2 Rich. Eq., 36; 1 N. & McC., 242; 12 Rich. Eq., 58; 9 Rich. Eq., 337.

Oct. 18, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order appointing a receiver of the property of the Southern Land and Lumber Company, made on the application of Wood Bros., defendants, and creditors of said company. The grounds of appeal are: "(1) That the Circuit Judge erred in his conclusion of law to the effect "that under the Code, sec. 265, subdiv. 4, and the law generally upon this subject, the plaintiffs, rather than Wood Bros., and the creditors represented by them, are entitled to the relief asked for—*i. e.,* the appointment of a receiver of the property and assets of said corporation; (2) that the Southern Land and Lumber Company also excepts to said conclusion of law generally, in that upon the facts proved·and decided therein the movants were not entitled to an order for the appoint-

ment of a receiver, &c., and the order appointing such re-
ceiver was illegally, improvidently, and erroneously made,
and the same should be set aside."

Respondents contend that the exceptions are too general.
This point may be well taken as to the first exception, but
the second exception is not obnoxious to that objection. It
complains that the order appointing the receiver upon the
facts proved and decided was illegally, improvidently, and
erroneously made. The record shows the facts proved and
decided. It appears that the Southern Land and Lumber
Company is a corporation; that Wood Bros. are creditors
thereof, as it seems, to the amount of $46.64; that an officer
of the said corporation tendered to Wood Bros. the amount
due, but that Wood Bros. declined to receive the same;
that only Wood Bros. of the creditors have been made par-
ties to the suit and to the motion for the appointment of a
receiver; that the plaintiffs, Miller, Nixon & Co., with
other creditors of the corporation, joined in a written re-
quest to the Court that a receiver be not appointed, at the
hearing; that the entire indebtedness of the corporation,
excepting some amounts due to the officers of said corpora-
tion, which were not stated, was $8,840.31; that the real
estate of the corporation as assessed for taxation amounted
to $20,000, consisting of about 10,000 acres of pine lands,
and the personal property of the corporation was assessed
for taxation at $11,170; that after the last tax return, $8,000
of machinery, &c., had been added to the corporation's
plant; that the value of the corporation's assets, as alleged
by Wood Bros. and fixed by the Court, was $25,000. In
the return of the corporation, showing why a receiver should
not be appointed, it is stated: "That while it is true that
there is considerable indebtedness of said company which
is past due and unpaid, which fact may constitute a tech-
nical case of insolvency, it is also true that said defendant
owns an amount of property in this State, consisting of
lands, lumber, saw mills, machinery, mules, wagons, and
other property, largely in excess of all its indebtedness due

and to become due, and is abundantly able to discharge all of its obligations of every kind." The Circuit Judge held that the defendant corporation "is either insolvent or in imminent danger of insolvency. In the law, the defendant is insolvent, and as the debts due to the officers are not stated, it may be in fact, and hopelessly so. It seems to me that under the Code, sec. 265, subdiv. 4, and the law generally upon this subject, that the plaintiffs, rather than Wood Bros., and the creditors represented by them, are entitled to the relief asked for." The Circuit Judge evidently considered that Wood Bros. were entitled to the order appointing a receiver, because, in his opinion, the conditions mentioned in sec. 265, subdiv. 4, of the Code had been met. It is there provided that a receiver may be appointed by a Judge of the Court, either in or out of Court, (4) "When a corporation * * * is insolvent, or in imminent danger of insolvency," &c. Whatever may be the definition of "insolvency," as held in other jurisdictions, in this State "insolvency" is that condition of a debtor when his entire property and assets are insufficient to pay his debts. *Akers* v. *Rowan*, 33 S. C., 470; *Mitchell* v. *Mitchell*, 42 S. C., 483. We are quite prepared to adopt the definition of insolvency as given in the recent bankrupt act of Congress, wherein it is provided that "A person shall be deemed insolvent whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." It is clear that, under this definition of insolvency, the defendant corporation was not at the hearing shown to be insolvent. Nor do we think the facts shown warranted the conclusion that the corporation was in imminent danger of insolvency. The assets of the corporation, as shown, were about three times the stated indebtedness, and there was no showing that the corporation's property was seriously depreciated; but, on the con-

trary, it was shown that large additions had recently been made to the plant; nor did the Circuit Judge find that the corporation was in any way endeavoring to dispose of its property with intent to hinder, delay or defraud its creditors.

The showing made did not warrant the appointment of a receiver. While the court of equity, in proper cases, has the power to place a debtor's property in the hands of a receiver, this power should be exercised with great caution, lest the injury thereby caused be far greater than the injury sought to be averted. The movants in this case were threatened with no loss which rendered a receivership necessary. Having been tendered the amount due them, and refused it, we do not think their clamor for so severe a remedy should be heeded, and we fail to see how in this proceeding Wood Brothers represent anybody but themselves.

The order appointing a receiver in this case is reversed.