### WHITE v. BRITTON.

RECEIVER—CLERK OF COURT.—A Circuit Judge should not appoint a receiver on rule to show cause, without motion of either party, without notice and on his own motion. The clerk of Court is not a proper person to be appointed receiver.

Before PURDY, J., Sumter, January, 1905. Reversed.

Action by Francis C. White and others against Jno. J. Britton, Jr., and others. From order appointing a receiver, plaintiffs appeal.

*Messrs. Jennings & Manning* and *Haynsworth & Haynsworth,* for appellants, *Messrs. Jennings & Manning* cite: *On point decided:* Code of Proc., 265; subs. 1, 6, 8, 9; 27 S. C., 408; 19 S. C., 286, 486; 2 Wall., 521.

*Messrs. Lee & Moise,* contra, cite: *On point decided:* Kerr. on Rec., 12; Beach on Rec., secs. 739, 740; 99 N. Y., 602; 69 S. C., 256; Code of Proc., 265, sub 6; 23 Ency., 2 ed., 1032, 1129; 3 Pom. Eq. Jur., sec. 1333.

July 18, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiffs are the heirs at law of James G. White, deceased, and as such brought this action against the defendants as trustees of the Zoar Church, wherein they sought that the defendants, their servants and agents, be restrained and enjoined from in any way interfering with the plaintiffs, their tenants, agents or assigns, in the lawful and peaceable possession of an acre

of land lying on the west side of the Sumter and Manning public road, extending forty-nine yards on the public road, and extending back westward one hundred yards in the shape of a parallelogram, bounded on the north by land of W. J. Lawrence, east by the said public road, and south and west by lands of the grantor.

The plaintiffs alleged that the said acre of land was conveyed to said defendants by their ancestor, James G. White, to have and to hold for the use of the preacher or preachers who are now serving and who may hereafter serve the Zoar Church (which is one of the churches within bounds of the S. C. Conference of the M. E. Church, South) and for no other purpose, and the same shall revert to the grantor or his heirs if sought to be disposed of or used for any other purpose; that no preacher of the Zoar Church has occupied the parsonage on said lot of land since January, 1904, but that said preacher now occupies the parsonage of the Oswego circuit, and that the plaintiffs are now in possession of said lot of land, but that the defendants are seeking to interfere with the plaintiffs' possession of said lot of land.

Judge Purdy granted an order on the 7th of January, 1905, by which he ordered, "That defendants do show cause before me at my office, in the city of Sumter, S. C., on the 25th of January, 1905, at 12 o'clock M., or as soon thereafter as counsel can be heard, why a temporary injunction should not issue restraining the defendants, their agents and servants, from in any way interfering with the plaintiffs, their tenants, agents and servants, in the said possession of said premises, pending the hearing and determination of the suit herein for permanent injunction therein demanded. It is further ordered, that the defendants, their agents and servants, in the meantime be, and they are hereby, restrained and enjoined from in any way interfering with the plaintiffs, their tenants, agents and servants, in the possession of the said premises."

The defendants filed a petition and some affidavits, in which they virtually contravened all the allegations of the

plaintiffs except, of course, the deed from James G. White and his death. Thereupon, Judge Purdy, on the 9th of January, 1905, issued the following order: "It is ordered, that said petition be forthwith filed in said cause, and that pending the rule to show cause heretofore issued herein, and for the purpose of preserving the *status quo* as to the property referred to in the complaint, and especially for the purpose of preventing the plaintiffs from putting a negro in possession of said premises, or themselves further entering thereon, the plaintiffs in said action be, and they are hereby, restrained from further entering on or interfering with the said premises, either in person or by their servants or agents, until the hearing of the rule to show cause above referred to, and until the further order of this Court in the said cause."

The defendants filed their answer on the 16th of January, 1905.

Both sides introduced affidavits, and after argument, Judge Purdy issued the following order: "The plaintiffs obtained from me at the commencement of this action a rule to show cause why the defendants should not be enjoined from doing the acts complained of in the complaint, and pending the rule to show cause, I granted the restraining order, and afterwards made another order seeking to preserve the status of the property as of the time of the commencement of the action. At the hearing, the plaintiffs earnestly argued before me that, inasmuch as the plaintiffs made a *prima facie* showing for the restraining order. it is my duty to grant it. It is the tendency of the Courts to grant a restraining order where a *prima facie* showing is made, and I had made up my mind that such an order would follow in this case, and so announced to the plaintiffs' attorney. Before filing the order, however, I reviewed the case from every standpoint, taking into consideration not only the fact that the defendants have taken issue with the plaintiffs at almost every point, but particularly the fact that the feelings of the parties are very much aroused and the

12—72

peace of the neighborhood endangered. Under all these circumstances, I have determined to take another course, and while my power to do so may be questioned or doubted, I shall make an order which I deem best for the interest not only of the litigants, but for the community in which they live, as I regard the latter of as great, if not greater, importance than the former, and in this case, certainly greater than any issue involved.

"The land and the buildings are claimed by both parties. The defendants have some personal effects in the building, and the Court will take charge of and endeavor to preserve all of the property.

"It is, therefore, ordered, on the motion of the Court, that L. I. Parrott be, and he is hereby, appointed as receiver to take charge of the premises described in the complaint, and to hold the same subject to the further order of this Court, with the usual powers of receivers in such cases."

From this order the plaintiffs appealed. The grounds of appeal, while seven in number, virtually raise questions as to the appointment of a receiver, with an objection to the person so appointed; and, secondly, that the order appealed from was error because it overlooked the restraining orders already granted pending the hearing of the motion to grant a temporary injunction.

On the first point, we remark that it was error in the Circuit Judge to appoint L. I. Parrott, Esq., who was clerk of the Court of Common Pleas of Sumter County. We think the Circuit Judge ought not to have appointed Mr. Parrott, who was clerk of Court, to the office of receiver. While this precise point has not been before this Court, yet when the Circuit Judge, in the case of *Kilgore* v. *Hair,* 19 S. C., page 486, passed an order appointing the master as receiver, this Court promptly overruled such appointment.

The same objection exists as to the appointment of the clerk as receiver, but there are other objections to the proposed order of the Circuit Judge herein. This action was taken without notice to any party to the cause. Again, no

application by either party was made for such appointment Again, it was made by the Circuit Judge on his own motion, and so stated in the body of the Judge's order. See subdivisions 1, 7, 8 and 9, of section 265, of the Code of Civil Procedure of this State. Having so determined, it will be useless to consider the other points raised, as the Judge did not decide the same.

It is the judgment of this Court, that the order of the Circuit Court appealed from be and the same is vacated and set aside. And the action is remitted to the Circuit Court.