12920

PEEPLES v. SOUTH CAROLINA AGRICULTURAL LOAN ASSOCIATION, INC.

(153 S. E., 283)

*Mr. J. A. Mace,* for appellant.

*Messrs. R. E. Babb* and *D. W. Robinson,* for respondent,

May 13, 1930.

The opinion of the Court was delivered by Mr. Justice Blease.

In the complaint of the plaintiff, he alleged that the action was brought "on his own behalf and on behalf of all other creditors and stockholders of the defendant." The purpose of the action was *solely* to procure the appointment of a receiver for the defendant corporation, chartered under the laws of this State. As grounds upon which to base the application for a receivership, the plaintiff alleged, in brief, that the defendant "is insolvent or is in imminent danger of insolvency"; that suits are pending, and judgments have *probably* been obtained, against it; that, by "the *management* or *mismanagement*" of the affairs of the corporation, the value of the plaintiff's stock therein has been reduced; that there is great danger, by the multiplicity of suits, of the value of the stock being completely absorbed; that there is no probability the continuance of the operation of the defendant's business will increase the stock in value; and that a large portion of the assets of the corporation are pledged to one of its creditors, and that creditor by suing the defendant on its many endorsements to it, is making further inroads on the assets.

The material allegations of the complaint were alleged on the information and belief of the plaintiff, and the same was verified by him in the usual form.

After the institution of the suit, or perhaps contemporaneously therewith, the plaintiff gave notice to the defendant that he would move before Circuit Judge Shipp, at chambers, at Camden, at 11 o'clock, a. m., on December 9, 1929, or as soon thereafter as counsel might be heard, for the appointment of a receiver of all the assets of the defendant corporation—the motion, as said in the notice, to be made *"upon the verified complaint hereto attached and upon such further evidence and testimony as may be produced by the plaintiff at that time."* (Emphasis added.)

The defendant filed, in one paper, a very full and elaborate "return and answer," setting out in much detail an accounting of its fiscal affairs. This pleading properly verified, in addition alleged other matters to the following effect: That the defendant corporation was organized for the purpose of securing loans for farmers of this State, to aid them in making their crops, the loans to be procured through Federal Intermediate Credit Bank of Columbia, S. C., organized under the laws of the United States, and the capital of which was furnished by the Federal government; that the corporation has 2,241 stockholders, the stock being divided into 27,955 shares of the par value of $10 per share; that the plaintiff, as alleged by him, was the owner of only four shares of the stock of the par value of $40.00; that the only creditor of the defendant was the Federal Intermediate Credit Bank; that the indebtedness to the last-mentioned corporation on December 1, 1928, was $339,684.06, which had been reduced to the sum of $137,945.99 on December 1, 1929, and that the suits of that bank against the defendant were instituted because of defendant's indorsements of its customers' papers, the suits being for the benefit of the defendant as well as its sole creditor; that there had been no mismanagement or misconduct on the part of any officer connected with the defendant, and, while struggling under many difficulties which had beset it, that conditions were more favorable, and the chances to save the stockholders

losses were encouraging, and this could be accomplished better by allowing the corporation to continue as it was then going rather than by placing its affairs in the hands of a receiver.

Pursuant to plaintiff's notice, at the hour and on the day named therein, the plaintiff's attorney, one of the defendant's attorneys, and two of the defendant's witnesses, appeared at the place where the motion was to be heard. Judge Shipp was then engaged in the trial of jury cases in the Court of Common Pleas. Plaintiff's attorney moved that the case be referred to the Master of Richland County "to take the testimony to be produced by the plaintiff," but his motion was then refused. Judge Shipp announced that he would hear the matter further at 2:30 p. m. on that day. At the appointed time, both sides being represented, the pleadings were read. Plaintiff's attorney stated that he was not then making a motion for the appointment of a receiver; that he could not, and would not, do so until the testimony he proposed to offer was taken and submitted to the Court. The Circuit Judge held that the plaintiff had brought the defendant's representatives to Court on that day, and that he expected to rule on the matter before him. After the hearing, immediately held, he passed an order, refusing the application for a receiver.

The plaintiff has come to this Court by appeal from the order of Judge Shipp. He has ten exceptions. In the argument of his counsel it is stated that these exceptions make six questions. We see only three questions really necessary for determination.

The first question is this: Did the Circuit Judge commit error by refusing to order a reference in the cause? The answer to this question must be in the negative. The action is one in equity. The Circuit Judge could have ordered a reference to take the testimony if he had thought proper to do so. It was within his power to hear the matter without ordering that reference. The discretion

to do one or the other of these things rested within his powers as a chancellor. The exercise of that discretion will not be upset by this Court, unless there was manifest error thereabout, *Bank of Timmonsville v. Peoples Bank,* 147 S. C., 461, 145 S. E., 288; *Peoples Bank of Hartsville v. Helms,* 140 S. C., 107, 138 S. E., 622. We are unable to see any abuse of the discretion vested in the Circuit Judge by the law.

The second question for our consideration, stated in the exact language of the appellant, is: "Was it error for the Court to rule upon a motion that had never been made?" In that connection we consider also the exceptions of the appellant as to the ruling of the presiding Judge that the motion had to be heard on December 9th, the day fixed in the notice of the motion. The appellant gave notice that he would make the motion. He may have wished to withdraw it temporarily, but it does not appear that he did so. The respondent was ready for the motion to be heard. The respondent had the right to press for the hearing on the motion, even if it did not suit the appellant to have it at that time. The appellant in his notice had said he would be ready. He advised the Court and the respondent *that he would base his motion upon the complaint and other evidence which he would produce at the time the motion was to be heard.* It was not the respondent's fault, according to the record before us, if the appellant was not ready with his evidence. It was within the discretion of the Circuit Judge to continue the matter or to go forward with the hearing. We think the trouble was that the respondent surprised the appellant by being well prepared to resist the motion. One seeking the drastic remedy of forcing a going business into a receivership should be ready to present to the Court, where the application is made, at the time set by him, without the defendant's consent, the evidence upon which he bases his demand. The discretion allowed the Circuit Judge, ex-

ercised by him to speedily determine the matter before him for hearing, was not unwisely exercised.

The last and most important question, and all the ▮ exceptions touch it, is this: Was there error on the part of the Circuit Judge in refusing the receivership?

"While the power of the Court of Equity to appoint receivers in numerous instances has been upheld by this Court, it has also been repeatedly decided that this great power should be exercised with caution. * * *

"At the same time, the holdings of this Court, so far as we are advised, have been entirely consistent to the effect, and, from the statute cited, properly so, that the matter of ordering a receivership is very much within the discretion of the Circuit Judge." *Ex Parte Citizens' Exchange Bank of Denmark,* 140 S. C., 471, 139 S. E., 135, 142.

In *Miller, Nixon & Co. v. Southern Land & Lumber Co.,* 53 S. C., 364, 31 S. E., 281, 282, this Court said:

"While a Court of Equity, in proper cases, has the power to place a debtor's property in the hands of a receiver, this power should be exercised with great caution, lest the injury thereby caused be far greater than the injury sought to be averted."

The facts alleged in the complaint taken alone, perhaps, would have justified the appointment of a receiver. It was proper for the Circuit Judge, however, to consider, in connection, the matters alleged in the answer of the respondent. The respondent, it seems to us, in its answer was very fair and frank with the Court, giving it the benefit of all proper information and matters unfavorable, as well as such as were favorable, to its request that the corporation be allowed to continue its affairs under the management of its own officers. While the appellant brought the suit in behalf of all the creditors and stockholders of the corporation, it appears that he alone out of over two thousand stockholders wished a receivership. The only creditor, Federal Intermedi-

ate Credit Bank of Columbia, seemed to be satisfied at the way the business of the corporation was being managed, and did not join in the request for the appointment of a receiver. There was nothing to show, either by evidence or any allegation of the complaint, that the appellant had sought, through the officers or stockholders of the corporation, any liquidation of its affairs, or any change in the personnel of the managing officers.

Receiverships are sometimes expensive affairs to creditors and stockholders of corporations. Receivers have to be paid commissions, and lawyers desire, and are sometimes entitled to receive, good fees for representing receivers. The assets in the hands of the receivers are sometimes liquidated too quickly for the good of the stockholders and creditors of the corporation. The Circuit Judge had to take all these matters, as well as others to which we have referred, into consideration. We think his discretion, in all probability, was wisely exercised.

In the argument, appellant's counsel has gone out of the way, it seems to us, to unduly criticize the Circuit Judge, and has insinuated in certain language things uncomplimentary to his conduct of the case. The *haste* on the part of the Circuit Judge, in deciding the case, complained of by the appellant's attorney, was to our mind, brought on by the appellant and his attorney in their *own haste* to get a receivership for a corporation, without making the proper showing therefor. The appellant, with the very small sum of $40.00 involved, seemed to care little about the interests of over two thousand other persons in a corporation, which had been striving, whether well or badly managed, to benefit the farmers of this State in their late distressed condition. The appellant's counsel did the very improper thing of requesting the Court, in the notice asking for a receivership, to appoint his own brother to the position of receiver. Perhaps Judge Shipp thought, and it may be correctly so, that the appellant and his counsel were seeking a lucrative posi-

tion for the counsel's brother, who in turn might select the appellant's attorney for the position of attorney for the receiver. Hon. S. W. G. Shipp, for many years a patient and painstaking honored Circuit Judge of this State, needs no defense at the hands of this Court, or from any one else, against the uncalled for and unkind thrusts directed at him by the appellant's attorney. Applications for receivership, brought under the circumstances surrounding the bringing of this one, should be dismissed quickly. The Court suggests to the attorney for the appellant that hereafter, in filing briefs, he should not in his effort to benefit his cause, however good or bad the cause may be, seek to help that cause by the use of language similar to that used by him in his argument in the case at bar. We hope this warning will be entirely sufficient.

The judgment of this Court is that the order appealed from be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and STABLER concur.

MR. JUSTICE CARTER concurs in result.