13782

PENN MUTUAL LIFE INS. CO. v. CUDD *ET AL.*
DIXON v. CUDD

(172 S. E., 787)

Before Sease, J., Spartanburg, December, 1931.

*Messrs. Horace L. Bomar* and *Osborne & Butler,* for appellant,

*Messrs. Nicholls, Wyche & Russell, L. G. Southard, DePass & DePass, D. W. Galloway, Jesse W. Boyd, Lyles & Daniel, Perrin & Tinsley* and *Carlisle, Brown & Carlisle,* for respondents,

February 16, 1934.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

Upon the application of C. H. Dixon, as receiver of the First National Bank of Gaffney, suing on behalf of himself and other creditors of J. N. Cudd, his Honor, Judge Sease, ordered a receivership as to the estate of Mr. Cudd, which appears to be a very valuable one, consisting of a great amount of personal property and large holdings of real estate. It seems that, for reasons he deemed wise at the time, Mr. Cudd consented to the receivership.

A little later, the petitioner-appellant, holder of a mortgage of real estate, executed to it by Mr. Cudd to secure quite a large indebtedness to the petitioner, asked for a receiver as to the mortgaged premises, and Judge Sease appointed to that office the receiver first named by him.

On account of resignations of receivers appointed, there were, from time to time, appointments of successor receivers. Finally, Judge Sease, on March 25, 1933, appointed the defendant, Mr. Cudd, as a co-receiver with W. Frank Klugh, who had been named as one of the receivers. Thereafter, it seems Mr. Klugh resigned, and I. A. Phifer, Esq., was appointed to fill his place.

The appointment of Mr. Cudd appears to have been made by Judge Sease of his own motion; it not having been requested by Mr. Cudd, or any of his attorneys, or by any other party, or attorney, interested in the receivership. The reason Judge Sease gave for the appointment was "that it is for the best interest of all concerned."

So far as the record discloses, only two of the creditors of Mr. Cudd, one the petitioner, and the other, Mr. B. A. Sims, whose indebtedness is also secured by a mortgage of real estate, objected in any manner to the appointment of Mr. Cudd as receiver; and Mr. Sims did not appeal from the order to that effect.

But the petitioner, Penn Mutual Life Insurance Company, has appealed from the order appointing Mr. Cudd as a receiver for himself.

We may say at the outset that we have been considerably impressed with all the good things said of Mr. Cudd, both as to his integrity and business ability, by a large number of prominent business men of the city and county of Spartanburg, some of whom are his creditors. From these statements, we are led to believe that in his life he has made a great success in his business undertakings, and that his financial difficulties have been brought about by the unfortunate business depression extending over

the entire country in recent years. But, for two reasons, we cannot properly take into consideration, in the determination of the question before us, these high tributes to the character and business acumen of Mr. Cudd: First, they did not appear in the record in the cause in the hearing before Judge Sease; and, second, they do not seem to us, under the law relating to the appointment of receivers, to have any important bearing on the one matter we are to determine. We do feel, however, that it is not out of place to say that, on the showing which is made in the record before us, there was no urgent necessity, in the first instance, to appoint a receiver for Mr. Cudd. And that view is strongly supported now by the fact that, of his many creditors, all of them, with the exception of the two mentioned, appear to be entirely satisfied to let Mr. Cudd handle, in a large measure, his own property and business affairs. Neither do we think it beyond the province of this Court to suggest what, apparently, has been overlooked by the creditors of Mr. Cudd, that they may even now ask that the general receivership be discharged, retaining only, even if that be necessary, the receivership as to the mortgaged premises, securing the two creditors who object to the appointment of Mr. Cudd. If this Court could make *the very unusual exception* of affirming the appointment of a man as his own receiver, we feel that this might be a case in which to do so, but unusual exceptions are dangerous, since they, as it is said of "hard cases," may "make bad precedents."

The law, as repeatedly recognized and stated in our decisions, is such as to require us to reverse the order appealed from. This Court not only has often said that an adjudication of a receivership is a harsh and drastic remedy, one to be granted only with great caution (*Pelzer, etc., v. Hughes,* 27 S. C., 408, 3 S. E., 781; *Ex parte Citizens' Exchange Bank,* 140 S. C., 471, 139 S. E., 135, 143; *Truesdell v. Johnson,* 144 S. C., 188, 142 S. E., 343; *Peeples v. S. C. Agricultural Loan Association,* 156 S. C., 429, 153 S. E., 283, and *Southern Trust Co. v. Cudd,* 166

S. C., 108, 164 S. E., 428), but it has also, time after time, indicated that the receiver appointed should be untrammelled in his relations, entirely indifferent between the parties, and absolutely fair and impartial, for the receiver not only represents all the parties interested in the estate, but he is an officer of the Court.

As far back as 1872, in a case concerning a receivership of an insolvent bank, it was said: "The end to be accomplished by the appointment of a Receiver might be entirely frustrated, if the debtor should be selected as the custodian of the fund through which the creditor was to be paid. The Directors represented the bank. *Parties are never proper appointees as Receivers.*" (Italics ours.) *Donaldson v. Johnson, 3 S. C., 216.*

Both in *Kilgore v. Hair,* 19 S. C., 486, and *Allen v. Cooley,* 60 S. C., 353, 38 S. E., 622, it was held that the master in equity should not be appointed a receiver, for there might be a conflict between the duties in his office as master and in those of his office of receiver. And in *White v. Britton,* 72 S. C., 175, 51 S. E., 547, evidently, for the same reason, the appointment of a clerk of Court as receiver was disapproved.

In *Virginia-Carolina Chemical Company v. Hunter,* 84 S. C., 214, 66 S. E., 177, 180, the Court set aside the appointment, as receiver, of an agent of a creditor of the debtor, who had been placed in receivership, and Mr. Justice Woods, speaking for the Court, said: "The rule is that the Court ought to appoint a receiver entirely impartial. There may be cases requiring a departure from this rule, but we do not think this is one of them. Nothing is alleged against the personal character or fitness of Huff, who was appointed receiver, but he was one of the agents of the plaintiff, actively pressing its claims against the defendant Hunter, and seeking the appointment of a receiver of his property. No special fitness or peculiar circumstances are shown which might justify the appointment of one so closely connected with one of the parties in interest."

In *Ex parte Citizens' Exchange Bank, supra,* involving the receivership of an insolvent banking institution, the Court had before it the question as to the appointment of an attorney at law, who had represented the state bank examiner in the litigation, as receiver of the bank. While that particular appointment was approved, for the reason that it was shown that the attorney only represented the State Bank Examiner in his official capacity, the examiner himself, under the law, representing the interests of all the depositors and creditors of the bank, yet it was said: "We think it well to lay down the general rule, that, *unless, all interested parties consent thereto,* the attorney of a party actively engaged in securing a receivership or in opposing the same should not be named as receiver in a cause. There should be, however, exceptions reserved as to this rule." (Italics added.)

The practice followed in jurisdictions, other than this, appears, also, to be in line with the holdings of this Court. We so find from the language contained in two well-recognized authorities:

"The general rule, undoubtedly, is that a receiver ought to be an indifferent person between the parties. He is an officer of the Court, whose business it is to administer his trust impartially for the benefit of all concerned, and hence should have no special interest which might influence him in his conduct of the trust in matters where his interests and the interest of any party to the action may clash. Therefore, a party to the cause will not ordinarily be appointed receiver unless both parties consent or there are special circumstances present which make such an appointment clearly for the best interest of all concerned." 23 R. C. L., 41.

" * * * The mere fact that a person is a party to the suit does not absolutely disqualify him, nevertheless the appointment of a party as receiver is unusual, and will, and should, not be made, unless both parties consent, or there are special and exceptional circumstances which make such

an appointment clearly for the best interest of all concerned." 53 C. J., 72.

Our examination of the decisions from other jurisdictions has shown that, even when a party to the litigation, in which a receivership is declared, is appointed a receiver, it has been a party who was a creditor. In no instance have we been directed to any case in which the Court, *without unanimous consent of all the creditors,* has designated the debtor-party as his own receiver. To make a debtor a receiver for himself and his estate is, ordinarily, as suggested, an admission that no receivership is necessary. Such an appointment, too, is likely to cast suspicion upon the entire receivership, and give the public mind some reason for thinking that the Court is sanctioning a proceeding for undue advantage to a debtor and certain of his favored creditors.

The appointment of Mr. Cudd as receiver, made in the order appealed from, must be set aside, and the order to that extent is reversed.

MESSRS. JUSTICES STABLER, CARTER, and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.